**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Gerald S. LEPRE, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 16, 2011.

Filed April 19, 2011.

Gerald S. Lepre, Jr., appellant, pro se.

Travis W. Livengood, Assistant District Attorney, Bedford, for Commonwealth, appellee.

BEFORE: BOWES, DONOHUE and SHOGAN, JJ.

OPINION BY DONOHUE, J.:

Gerald S. Lepre, Jr. ("Lepre") appeals from the June 14, 2010 orders of court denying his petitions to proceed *in forma pauperis* with respect to the fees and costs of his summary appeals. After reviewing the record and the relevant law, we reverse and remand.

On April 3, 2010, Lepre received traffic citations for speeding and for operating a vehicle with an expired registration.[1] On May 25, 2010, a magisterial district judge convicted him of both summary offenses and sentenced him to fines of $176 for speeding and $75 for operating a vehicle with an expired registration. On June 10, 2010, Lepre appealed his convictions to the Bedford County Court of Common Pleas, simultaneously filing *pro se* petitions to proceed *in forma pauperis* ("IFP petitions") for both convictions. The costs attendant to both appeals totaled $114. In his IFP petitions, Lepre alleged $1,600 in monthly gross income, no assets, an obligation to support one child, monthly rent of $400, and approximately $85,000 in various debts. IFP Petitions, 6/10/10, at 1–3. Lepre also specifically alleged that based on his financial condition, he was unable to pay the fees and costs of proceeding. *Id.* at 1. On June 14, 2010, the trial court denied Lepre's IFP petitions without a hearing. Trial Court Orders, 6/14/10, at 1.

Lepre appealed from these orders on July 7, 2010.[2]

On appeal, Lepre raises the following issue: "Whether or not the court below abused its discretion and/or committed an error of law when it denied [Lepre's] Petition to Proceed In Forma Pauperis with respect to his request for summary appeal(s) without an evidentiary hearing while basing its decision upon [his] gross income?"[3] Lepre's Brief at 4.

Lepre asserts that the trial court abused its discretion when it denied his IFP petitions without a hearing, and he cites *Amrhein v. Amrhein*, 903 A.2d 17 (Pa.Super.2006) in support of this contention. Lepre's Brief at 9. Specifically, he argues that *Amrhein* requires a hearing before the trial court can deny him IFP status because the trial court disbelieves his averred inability to pay the fees and costs of his summary appeals. Lepre's Reply Brief at 2. After reviewing the relevant law and the record, we agree.

We begin by noting the dearth of case law concerning IFP applications for fees and costs in the context of a criminal case. *See Commonwealth v. Cannon*, 954 A.2d 1222, 1225–27 (Pa.Super.2008), *appeal denied*, 600 Pa. 743, 964 A.2d 893 (2009). Accordingly, we will rely for guidance upon the well-established principles governing indigency in civil cases. "In reviewing a trial court's resolution of an application to proceed *in forma pauperis*, we reverse only if the court abused its discretion or committed an error of law." *Amrhein*, 903 A.2d at 19. An abuse of discretion is not merely an error in judg-

---

1. 75 Pa.C.S.A. § 3362, 1301(a).

2. In response to an IFP application filed with this Court in connection with the current appeal, we ordered the trial court to permit him to appeal to this Court without the payment of fees. *See* Docket 46 WDM 2010. The order did not address the merits of Lepre's actual IFP status.

3. "[A]n order denying *in forma pauperis* status is a final, appealable order." *Grant v. Blaine*, 582 Pa. 1, 4, 868 A.2d 400, 403 (2005).

ment but requires a finding of bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law. *Commonwealth v. Tickel,* 2 A.3d 1229, 1234 (Pa.Super.2010).

Although Lepre relies heavily on *Amrhein* in support of his claim for relief, we open our discussion with its predecessor, *Crosby Square Apartments v. Henson,* 446 Pa.Super. 286, 666 A.2d 737 (1995). In that case, a defendant appealed an adverse arbitration award to the Court of Common Pleas, simultaneously filing an IFP petition. *Id.* at 738. The defendant's petition alleged a monthly income of $1,425, no property, four minor dependents, and monthly household expenses of $555. *Id.* Further, "[s]he averred specifically that she cannot, due to her financial condition, pay the fees and costs of defending [the suit]." *Id.* The trial court credited her income and expense figures and denied her IFP petition without a hearing, citing her "surplus of income over expenses of $870." *Id.*

In reversing the trial court, this Court focused on the following two components in the petition that mandated a hearing before IFP status could be denied: (1) a *prima facie* case of poverty and (2) a specific averment of an inability to pay fees and costs. *Id.* at 738–39. The *Crosby Square Apartments* Court explained that when faced with an IFP petition, a trial court must evaluate a petitioner's factual allegations concerning her income, assets, obligations, and expenses to determine if they "establish a *prima facie* case of poverty." *Id.* at 739. Citing the defendant's monthly income ($1,425) and expenses ($555), her four minor dependents, the expenses of daily life, taxes, and her qualification for federally subsidized housing, this Court held that she had presented a *prima facie* case of poverty, thereby satisfying the first prerequisite for a hearing. *Id.* at 738–39.

This Court then discussed the significance of her specifically averred inability to pay.

> If a trial court disbelieves the averments in an application to proceed in forma pauperis, it is required to hold a hearing on the application to determine the veracity of the allegations contained therein. In the present case, the trial court posits that it did not disbelieve the averments in the application since it credited her income and expense figures. However, this is not technically correct. In paragraph one of her application, [the defendant] averred specifically that she did not have the resources to pay costs. This averment was disbelieved by the trial court.

*Id.* at 738 (citation omitted). Accordingly, the *Crosby Square Apartments* Court held that when a petitioner avers a *prima facie* case of poverty and an inability to pay fees and costs, the trial court must hold a hearing before it may deny IFP status. *Id.* at 739.

Subsequently, we re-affirmed this tenet in *Amrhein,* the case Lepre principally relies upon. In that case, a mother appealed a trial court's custody order and simultaneously sought IFP status on appeal, alleging a monthly gross income of $2,311, an obligation to support two minor children, and unspecified expenses due to rent, utilities, and health insurance. *Amrhein,* 903 A.2d at 18–24. Additionally, she specifically averred her inability to pay fees and costs. *Id.* at 23. Although the trial court gave credit to the mother's income figure, it denied her petition without a hearing because it deemed her income too high for indigency. *Id.* at 19–20. The mother appealed this denial. *Id.* at 19.

On appeal, we reversed and remanded for further proceedings, concluding that the trial court erred by denying her IFP

status without holding a hearing.[4]  *Id.* at 23–24.   Noting that we faced the same scenario in *Crosby Square Apartments,* we explained the mother's right to a hearing as follows:

> In paragraph one of her application, Mother averred specifically that she did not have the resources to pay costs. Despite the fact that the trial court stated that a hearing was not necessary to dispose of Mother's IFP petition because it accepted Mother's representation in her Petition as to her income ... the court failed to conduct the balance of its evaluation.   Mother was required to provide information regarding income, debts, and obligations, and did so, but no evaluation of this information was provided by the trial court.   Moreover, Mother's averment that she did not have the resources to pay costs obviously was disbelieved by the trial court; therefore, it was required to hold a hearing.

*Id.* at 23 (citation and quotation omitted). Accordingly, the *Amrhein* Court held that because the mother's averments set forth a *prima facie* case of poverty in her petition and the trial court disbelieved her averred inability to pay, further proceedings on the petition were required.   *Id.* at 23–24.

Turning now to the present case, we begin by noting that Lepre pled a *prima facie* case of poverty similar to that in *Crosby Square Apartments.*   In his petitions, Lepre alleged $1,600 in monthly gross income, no assets, an obligation to support one child, monthly rent of $400, and approximately $85,000 in various debts.   IFP Petitions, 6/10/10, at 1–3. These averments are analogous to the averments (*i.e.,* a monthly income of $1,425, no property, four minor dependents, and monthly household expenses of $555) that constituted a *prima facie* case of poverty in *Crosby Square Apartments. Crosby Square Apartments,* 666 A.2d at 738–39.   In the case at bar, debt obligations attendant to $85,000 in loans, support of a child, taxes, and monthly living expenses weighed against a monthly gross income of $1,600 present a prima facie case of poverty.

Furthermore, as in *Crosby Square Apartments* and *Amrhein,* Lepre specifically averred an inability to pay fees and costs.[5]   Because Lepre pled a *prima facie* case of poverty and averred an inability to pay, he was entitled to a hearing before the trial court denied his IFP petitions. *Id.* at 738–39; *Amrhein,* 903 A.2d at 23. Even though the trial court asserts that it accepted all of Lepre's allegations as true, it clearly disbelieved his specifically averred inability to pay.   Trial Court Opinion, 10/5/10, at 1–2.   In light of the *prima facie* showing of poverty, the trial court could only reject Lepre's averred inability to pay after holding a hearing, and it abused its discretion by not doing so.   *Crosby Square Apartments,* 666 A.2d at 738–39.

Order reversed.   Case remanded.   Jurisdiction relinquished.

---

**4.** In *Amrhein,* we also held that the trial court erred by denying the mother's IFP petition based only upon her income without considering her alleged expenses and obligations. *Id.* at 19–24.   However, in Lepre's appeal, the trial court weighed his income and expenses and obligations before denying his petition. Trial Court Opinion, 10/5/10, at 1–2.   Accord-ingly, we need not further discuss the *Amrhein* Court's thoughtful analysis concerning the error in relying solely upon income in denying IFP status.

**5.** "[B]ecause of my financial condition, I am unable to pay the fees and costs of proceeding."   IFP petitions, 6/10/10, at 1.