**Commonwealth v. Dominick**

_____

C.P. of Lackawanna County, No. 13 CR 2273

*Eugene M. Talerico, Jr., William J. Fisher*, and *Brian J. Gallagher*, for Commonwealth.
*Bernard J. Brown*, for defendant.

NEALON, *J.*, January 17, 2014—

### ORDER

Defendant, who has been charged with first-degree murder and related offenses, has filed an omnibus pre-trial motion seeking, *inter alia*, the appointment of Bernard J. Brown, Esquire, as his counsel and Seidel Investigation & Consulting as a private investigator.[1] (Defendant's

---

1. In his omnibus pre-trial motion filed on December 2, 2013, de-

Omnibus Pre-Trial Motion at ¶¶6-7). Defendant contends that he is indigent and unable to honor his original fee agreement with attorney Brown or to afford a private investigator to assist in his defense. (Defendant's brief in support at pp. 26-27). By order dated December 12, 2013, defendant was directed to file an *in forma pauperis* ("IFP") petition and supporting affidavit in compliance with Pa.R.Crim.P. 123. Defendant has submitted his verified IFP filings, and following the completion of an evidentiary hearing on January 13, 2014, defendant's motion became ripe for disposition.

## Factual Background

Following defendant's arrest on August 2, 2013, the First Assistant District Attorney of Lackawanna County forwarded a letter to the Lackawanna County Public Defender's Office seeking "to have conflict counsel appointed to appear at the preliminary hearing on Wednesday, August 7 [, 2013]" to represent defendant. (*In Forma Pauperis* Petition at ¶5 and exhibit A; T.P. 1/13/14 at pp. 66-69). The Public Defender's Office is reportedly unable to represent defendant due to its past representation of a prosecution witness in this case. (T.P. 1/13/14 at p. 68). For reasons that are not reflected in the record, the Public Defender's Office did not arrange for conflict counsel to be appointed on behalf of defendant. (*Id.* at pp. 68-69). Nevertheless, defendant's family secured $2,500.00 to retain attorney Brown to represent defendant during the preliminary hearing. (*Id.* at p. 69). Although defendant

---

fendant also sought to sever his case from *Com. v. Pal*, No. 13 CR 2269 (Lacka. Co.), and requested the issuance of a writ of *habeas corpus*. Defendant later withdrew his motion for severance, (Transcript of Proceedings ("T.P.") on 1/13/14 at p. 6), and by memorandum and order dated January 17, 2014, defendant's petition for a writ of *habeas corpus* was denied. *See Com. v. Dominick*, 2014 WL 197352 (Lacka. Co. 2014).

and his family executed a fee agreement providing for future installment payments for continued representation of defendant by attorney Brown, neither defendant nor his family has made any payments to attorney Brown. (*Id.* at pp. 69-70; *In Forma Pauperis* Petition at ¶¶8-9). In light of the existing scheduling order, attorney Brown has continued to represent defendant by filing motions, appearing at court proceedings and preparing for trial, albeit without being paid. (T.P. 1/13/14 at pp. 70-71).

Defendant's gross earnings in 2012 totaled $9,843.00, and his net earnings for that year were $7,396.85. (*In Forma Pauperis* Petition at ¶10(A) & exhibit B). Defendant has no assets or income and owns no property or automobile, and at the time of his arrest, was relying upon his parents for food, shelter and clothing. (*Id.* at ¶10(B), (D), (F), (G)). He currently owes Bloomsburg University and Lackawanna College more than $17,000.00 for unpaid tuition, and also is indebted to a Bloomsburg landlord for overdue rent of $700.00. (*Id.* at ¶10(E)). In short, his liabilities far exceed his assets and income.

## Appointment of Counsel

Pennsylvania Rule of Criminal Procedure No. 123 states that "[a] defendant who requests assignment of counsel in a court case shall file a signed and verified application for assignment of counsel, which shall set forth the facts showing that the defendant is without financial resources or is otherwise unable to employ counsel." Pa.R.Crim.P. 123. The Superior Court of Pennsylvania has noted "the dearth of case law concerning IFP applications for fees and costs in the context of a criminal case," as a result of which it has "rel[ied] for guidance upon the well-established principles governing indigency in civil cases." *Com. v. Lepre,* 18

A.3d 1225, 1226 (Pa. Super. 2011). Decisional precedent in the civil context recognizes that "[t]he trial court has considerable discretion in deciding whether a person is indigent," *Crosby Square Apartments v. Henson*, 446 Pa. Super. 286, 291, 666 A.2d 737, 739 (1995), and may grant IFP status to a defendant who sufficiently demonstrates an inability to pay counsel and litigation expenses. *See Lepre*, 18 A.3d at 1228; *Amrhein v. Amrhein*, 903 A.2d 17, 19-24 (Pa. Super. 2006). Furthermore, although a defendant has the right "to choose at his own cost and expense any lawyer he may desire," *Com. v. McAleer*, 561 Pa. 129, 136, 748 A.2d 670, 673 (2000), a defendant does not have an absolute right to choose his or her own counsel when that attorney is court-appointed and being employed at public expense. *Com. v. Kelly*, 5 A.3d 370, 378-379 (Pa. Super. 2010), *app. denied*, 613 Pa. 643, 32 A.3d 1276 (2011). Rather, a defendant's right to choose a particular counsel "must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." *McAleer*, *supra*; *Kelly*, *supra*.

Defendant has adequately established his indigency and concomitant inability to retain counsel at his own expense. Attorney Brown has represented defendant for more than five months, and has received and reviewed thousands of pages of discovery and reports that have been produced by the Commonwealth. Defendant presumably has confidence in attorney Brown's ability and familiarity with this case since he has specifically requested the appointment of attorney Brown as his counsel. The appointment of attorney Brown will also further the state's interest in the swift and efficient administration of criminal justice inasmuch as it will avoid the necessity

of a postponement of the scheduled trial date in order to afford a new attorney the opportunity to review discovery, file pre-trial motions and prepare for trial.

Therefore, defendant's motion seeking the appointment of attorney Brown as his counsel will be granted. Such appointment is subject to the existing fee schedule in effect in Lackawanna County which limits fees in murder cases to $75.00 per hour for pre-trial services and $90.00 per hour for trial work, beginning with jury selection. *See In re Rates for Conflict Attorneys*, No. 94 CV 102, Munley, P.J. (Lacka. Co. Aug. 10, 2011). Attorney Brown's requests for approval and payment of counsel fees shall be promptly submitted to the undersigned.

## Appointment of Investigator

Defendant's motion also seeks to appoint Seidel Investigation and Consulting as a private investigator, with the cost to be borne by the County of Lackawanna. In Pennsylvania, it is firmly established "that there is no requirement on the part of the Commonwealth to furnish investigative services at the Commonwealth's expense." *Com. v. Strong*, 522 Pa. 445, 461, 563 A.2d 479, 487 (1989), *cert. denied*, 494 U.S. 1060 (1990). The Supreme Court of Pennsylvania has consistently "held that a defendant does not have an absolute right to a court appointed investigator based upon *Ake [v. Oklahoma*, 470 U.S. 68 (1985)]." *Com. v. Serge*, 586 Pa. 671, 694, 896 A.2d 1170, 1184 (2006), *cert. denied*, 549 U.S. 920 (2006). Instead, the appointment of an investigator traditionally has been a matter vested in the discretion of the trial court. *Com. v. Wholaver*, 605 Pa. 325, 346, 989 A.2d 883, 895 (2010), *cert. denied*, 131 S. Ct. 332 (U.S. 2010); *Com. v. Bardo*, 551 Pa. 140, 149, 709 A.2d 871, 875 (1998), *cert. denied*, 525 U.S. 936 (1998).

In those instances where courts have appointed experts or investigators to assist defendants in criminal proceedings, the defendants have been declared indigent. Pennsylvania courts recognize "the right of indigent defendants to have access to the same resources as non-indigent defendants in criminal proceedings," based upon the Commonwealth's "affirmative duty to furnish indigent defendants the same protections accorded those financially able to obtain them." *Com. v. Curnutte*, 871 A.3d 839, 842 (Pa. Super. 2005) (defendant subject to sexually violent predator hearing under Megan's Law II has procedural due process right to court-appointed psychological expert). Absent such indigency, defendants are not entitled to court-appointed experts or investigators at the taxpayers' expense. *See Com. v. Rhodes*, 54 A.3d 908, 914 (Pa. Super. 2012) ("In this case, contrary to *Curnutte*, the trial court found, as a matter of fact, that appellant was not indigent and, thus, denied appellant's motion on this basis."); *Com. v. Cannon*, 954 A.2d 1222, 1226 (Pa. Super. 2008) ("This case is clearly distinguishable from *Curnutte* because here the trial court found as a matter of fact that Cannon was not indigent and denied the motion on that basis."), *app. denied*, 600 Pa. 743, 964 A.2d 893 (2009). If, however, a defendant is found to be indigent, the court has the discretion to appoint an investigator at no cost to the defendant. *See Strong*, 522 Pa. at 460, 563 A.2d at 487 ("The record reveals that petitioner's limited financial resources precluded him from independently securing the services of a private investigator.").

In response to our order of December 11, 2013, defendant submitted the required verification of his indigency and corresponding inability to privately secure the services of a private investigator. *See, e.g., Cannon,*

954 A.2d at 1226-1227 (identifying verified evidence necessary to support a request for court-appointed expert or investigator). Consequently, his request to have Seidel Investigation and consulting appointed as his investigator will be granted. However, defendant's request for county funding to retain Seidel Investigation and Consulting will be initially limited to the sum of $7,500.00. Any investigative services beyond that amount must be approved in advance by the undersigned.

And now, this 21st day of January, 2014, upon consideration of defendant's motion for appointment of counsel and a private investigator, defendant's *in forma pauperis* petition and accompanying verification and exhibits, and the Commonwealth's stated lack of opposition to defendant's motion for appointment of counsel and a private investigator (T.P. 1/13/14 at p. 18), and based upon the reasoning set forth above, it is hereby ordered and decreed that:

1. Defendant's motion for appointment of counsel and a private investigator is granted subject to the limitations set forth in paragraphs (2) and (3) below;

2. Bernard J. Brown, Esquire, 58 8th Avenue, No. 60, Carbondale, PA 18407, is appointed as counsel to represent defendant pursuant to Pa.R. Crim.P. 123 at an hourly rate of $75.00 per hour for pre-trial services and $90.00 per hour for trial time; and

3. Seidel Investigation and consulting is appointed as defendant's investigator, with the cost to be borne by the County of Lackawanna, up to the maximum sum of $7,500.00. Any request(s) for investigative services funding beyond that amount must be submitted to and approved in advance by the undersigned.