J-A23032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES L. ZUCCHER | |
| Appellant | No. 1730 WDA 2014 |

Appeal from the Judgment of Sentence October 1, 2014
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000478-2014

BEFORE: GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED AUGUST 18, 2015**

Appellant, James L. Zuccher, appeals from the judgment of sentence entered in the Mercer County Court of Common Pleas, following his *nolo contendere* plea to driving under the influence ("DUI") and fleeing or attempting to elude police ("fleeing/eluding") (75 Pa.C.S.A. §§ 3802; 3733). On March 9, 2014, police received a report that a man who appeared to be intoxicated was lying down in the parking lot of a bar and then got into his vehicle and drove away. Police followed the vehicle and activated lights to stop, but the man did not immediately pull over. Upon the stop, Officer Moore detected an odor of alcohol on the driver's breath and placed the driver under arrest for DUI. Officer Moore recovered a driver's license identifying the man as Appellant. Appellant attempted to retain a public defender, but his request was denied based on financial ineligibility.

Nevertheless, the court appointed stand-by counsel. On August 12, 2014, Appellant pled *nolo contendere* to DUI and fleeing/eluding. The court sentenced Appellant on October 1, 2014, to 5 days to 6 months' imprisonment for DUI and a concurrent 6 months' probation for fleeing/eluding. Appellant timely filed a *pro se* notice of appeal on October 20, 2014, and a *praecipe* to proceed *in forma pauperis* ("IFP") that the court denied. On October 29, 2014, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement; Appellant did not comply.

Pennsylvania Rule of Criminal Procedure 122 provides:

> **Rule 122.  Appointment of Counsel**
> (A)   Counsel shall be appointed:
> \*     \*     \*
> (2) in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel;
> (3) in all cases, by the court, on its own motion, when the interests of justice require it.
> (B)   When counsel is appointed,
> \*     \*     \*
> (2) the appointment shall be effective until final judgment, including any proceedings upon direct appeal.

Pa.R.Crim.P. 122(A), (B). Under paragraph (A)(3), the court has authority to appoint counsel regardless of eligibility when the interests of justice require it. Pa.R.Crim.P. 122, *Comment*. As well, "when a petitioner avers a *prima facie* case of poverty and an inability to pay fees and costs, the trial court must hold a hearing before it may deny IFP status." ***Commonwealth v. Lepre***, 18 A.3d 1225 (Pa.Super. 2011) (reversing denial of IFP status and remanding for hearing where petitioner stated inability to pay fees/costs and

his alleged debt obligations, child support, taxes, and living expenses presented *prima facie* case of poverty when weighed against monthly gross income of $1,600). Instantly, the Public Defender's Office denied Appellant's request for counsel, based on financial ineligibility. The court also denied Appellant IFP status, without a hearing. In his IFP petition, Appellant alleged he earns only $1,800/month in social security and $270/month in pension and annuities. Appellant's rent and utilities total almost $1,000/month. Appellant owes $250/month in loans and has other living expenses. Appellant maintained in his IFP petition, appellate brief, and at oral argument, his inability to pay fees/costs. Appellant's brief suggests he wants counsel. Further, the record shows a potential issue implicating the legality of Appellant's sentence now pending before this Court, involving merger of sentences for DUI and fleeing/eluding (while DUI). **See Commonwealth v. Kimmel**, 2014 PA Super 186 (Pa.Super. 8/29/14), *withdrawn*, 2014 Pa.Super. LEXIS 3963 (Pa.Super. 10/10/14) (*en banc*) (*per curiam*). In light of Appellant's limited income, allegations of indigency, and this Court's pending *en banc* decision, we remand for reconsideration of Appellant's IFP status, the appointment of counsel in the interests of justice, an opportunity to file a Rule 1925(b) statement, and pursue the appeal. **See** Pa.R.Crim.P. 122(A)(3), **Lepre, supra**.

Case remanded with instructions. Panel jurisdiction is retained.