J-S22004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MARIO PRIDGEN | : | |
| | : | |
| Appellant | : | No. 1637 MDA 2018 |

Appeal from the Order Entered September 20, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003471-1992

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 31, 2019**

Appellant, James Mario Pridgen, appeals *pro se* from the September 20, 2018 order that denied his petition for *in forma pauperis* ("IFP") status,[1] which was filed along with a petition for *habeas corpus*.  After review, we affirm the order denying Appellant IFP status.

In its opinion, the trial court provided a brief recitation of the history of this case:

> On July 22, 1993, following a jury trial, Appellant was convicted of one count of first-degree murder.[1] Following the verdict, Appellant was sentenced to life imprisonment. The Superior Court affirmed Appellant's judgment of sentence on June 14, 1995. In the following years, Appellant filed multiple unsuccessful petitions for post-conviction collateral relief under

---

[1] "An order denying *in forma pauperis* status is a final, appealable order." ***Commonwealth v. Lepre***, 18 A.3d 1225, 1226 n.3 (Pa. Super. 2011) (citation omitted).

---

\* Retired Senior Judge assigned to the Superior Court.

the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541 *et seq.*, as well as petitions for *habeas corpus* relief.

[1] 18 Pa.C.S. § 2502(a).

Most recently, on September 10, 2018, Appellant filed a *pro se* petition for writ of *habeas corpus* with an accompanying petition requesting to proceed *in forma pauperis* ("IFP"). The [c]ourt denied the IFP petition on September 20, 2018. The instant appeal followed.[2]

[2] Appellant filed the instant appeal before this [c]ourt had an opportunity to rule on Appellant's *habeas* petition.

Trial Court Opinion, 12/12/18, at 1.

Despite filing a timely notice of appeal in this Court, Appellant inexplicably filed an application for extraordinary jurisdiction asking to proceed with this matter in our Supreme Court and citing Pa.R.A.P. 3307 (Original Matters) and 3309 (King's Bench Matters) in support. Application, 10/9/18. The record does not reflect any response from our Supreme Court; thus, we conclude that Appellant's filing does not divest this Court of jurisdiction over Appellant's appeal. ***See Beharry v. Mascara***, 499 A.2d 1129, 1132 (Pa. Cmwlth. 1985) (jurisdiction is not transferred to the Pennsylvania Supreme Court until it grants an application for extraordinary jurisdiction; the mere

filing of an application does not confirm jurisdiction and does not constitute a stay).[2]

Both the trial court and Appellant complied with Pa.R.A.P. 1925. On appeal, Appellant raises the following issue:

> Whether the Common Pleas Court abused its' [sic] discretion when deciding to deny informa [sic] pauperis?

Appellant's Brief at iii.

At the outset, we note that the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, is not applicable to the underlying proceedings or this appeal. A petition for IFP status is not a cognizable claim under the PCRA. *See* 42 Pa.C.S. § 9543 (a claim is cognizable under the PCRA if it challenges the petitioner's conviction, sentence, or the effectiveness of counsel during the plea process, trial, appeal, or PCRA review). Moreover, we reiterate that the trial court has not ruled on Appellant's *habeas corpus* petition, and it is not before this Court.[3]

---

[2] "Although decisions by the Commonwealth Court are not binding on this Court, they may be persuasive." *Commonwealth v. Markun*, 185 A.3d 1026, 1033 n.2 (Pa. Super. 2018) (citation omitted).

[3] In its opinion, the trial court noted that Appellant filed an appeal before the trial court could rule on the *habeas corpus* petition. Trial Court Opinion, 12/12/18, at 1 n.2. However, without issuing a ruling on the *habeas corpus* petition, the trial court stated that it denied Appellant IFP status because the *habeas corpus* petition was frivolous. *Id.* at 2. The *habeas corpus* petition attached to Appellant's IFP petition alleges a due process violation and asserts that the murder statute under which Appellant was convicted, 18 Pa.C.S. § 2501(a), and the applicable sentencing statute, 18 Pa.C.S. § 1102, are void

Accordingly, our standard of review is as follows: "In reviewing a trial court's resolution of an application to proceed *in forma pauperis*, we reverse only if the court abused its discretion or committed an error of law." **Commonwealth v. Lepre**, 18 A.3d 1225, 1226-1227 (Pa. Super. 2011) (citation omitted). An abuse of discretion is not merely an error in judgment but requires a finding of bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law. **Id.** (citation omitted).

The relevant requirements for an application for IFP status are set forth in Pa.R.A.P. 551. However, in this appeal, Appellant makes no attempt to establish that the trial court committed an abuse of discretion in denying Appellant's petition for IFP status. Rather, Appellant's *pro se* brief is merely a conglomeration of claims involving *habeas corpus* relief, challenges to the sentence imposed, and citations to cases concerning due process violations. Appellant's Brief at 1-3.

Accordingly, because Appellant failed to develop any argument concerning the trial court's denial of IFP status, we are constrained to conclude that Appellant has waived the lone issue on appeal. **See Commonwealth v.**

_____

for vagueness. *Habeas Corpus* Petition, 9/3/18, at ¶12. Such claims are not cognizable under the PCRA. **See** 42 Pa.C.S. § 9543; **see also Commonwealth v. Rouse**, 191 A.3d 1, 2-3 (Pa. Super. 2018) (a claim that the sentencing statute for second-degree murder, 18 Pa.C.S. § 1102(b), is void for vagueness in violation of the appellant's due process rights is not cognizable under the PCRA).

***Brown***, 200 A.3d 986, 991 (Pa. Super. 2018) (failure to develop an argument results in waiver of that claim).  Therefore, we affirm the trial court's order denying Appellant's petition for IFP status.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2019