J-S03005-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY DAVID HOWARD | : | |
| | : | |
| Appellant | : | No. 383 WDA 2019 |

Appeal from the Order Entered January 9, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0005467-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY DAVID HOWARD | : | |
| | : | |
| Appellant | : | No. 760 WDA 2019 |

Appeal from the Order Entered May 8, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0005467-2014

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    FILED MAY 27, 2020

Gregory David Howard appeals from the orders denying his motions to proceed in forma pauperis and for a direct appeal nunc pro tunc. We affirm.

At his jury trial, Howard represented himself, although the court appointed stand-by counsel, Attorney James Robinson. The jury convicted

_____

[*] Retired Senior Judge assigned to the Superior Court.

Howard of two counts of robbery and one count each of aggravated assault, simple assault, unlawful restraint, unlawful taking, receiving stolen property, and conspiracy.[1] The trial court imposed a sentence of 20 to 40 years' incarceration. The court then appointed Attorney Tim Dawson as Howard's counsel and he filed post-sentence motions, which the trial court denied. Attorney Dawson continued representing Howard on direct appeal; we affirmed, and the Supreme Court denied allowance of appeal in June 2018. Commonwealth v. Howard, No. 1285 WDA 2016, 2017 WL 4810797 (Pa.Super. filed Oct. 25, 2017), appeal denied, No. 30 WAL 2018, 187 A.3d 904 (Table) (Pa. filed June 18, 2018).

Approximately six months later, in December 2018, Howard filed a pro se "Motion to Proceed In Forma Pauperis for All Court Records, Transcripts, and Discovery Material, Etc." ("IFP Motion"). The trial court denied the IFP Motion on the ground that Howard was improperly engaging in hybrid representation, stating that Attorney Dawson had not withdrawn from representation. Order of Court, filed 1/10/19. Howard appealed to this Court.

Six months after Howard filed the IFP Motion, in May 2019, Howard filed a pro se "Petition for Leave to File Appeal Nunc Pro Tunc." The trial court denied the motion on the ground that it lacked jurisdiction due to the pending appeal. The court also made note that Howard exhausted his direct appeals

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i),(ii), 2702(a)(1), 2701(a)(1), 2902(a)(1), 3921(a), 3925(a), and 903(a)(1), respectively.

- 2 -

regarding the petition. Howard filed a timely notice of appeal from this order as well, and we consolidated his two appeals.

On appeal, Howard raises the following claims:

I.     Did the lower court error, by representing that Attorney Timothy Dawson was still counsel [sic] for [Howard]?

II.    Did the lower court error in denying [Howard] his constitutional right to file, pro-se, motions, when [Howard] had no counsel?

III.   Did the lower court [sic] error in denying [sic] [Howard's], pro-se, motion to vacate sentence, filed on, October 18, 2018?

IV.    Did the lower court violate 42 PA. C.S.A. [§] 9543 (B)(3), when it failed to treat said, pro-se, motion as a P.C.R.A.?

V.     Did the lower court error in not correcting the court record, when it was well aware of the fact Attorney Dawson, was not counsel for [Howard]?

VI.    Did the lower court error in not reporting Attorney Timothy Dawson, for not responding to any of [Howard's], letters or letters from the court, to address these legal issues?

VII.   Did Judge Rita D. Hathaway, fail to recuse, herself from these legal proceedings, when she was named in [Howard's], motion pursuant to 42 PA[.] C.S.A. [§] 5505, under judicial interference?

Howard's Br. at 3-4 (unpaginated).

Howard's first, second, and fifth issues deal with the court's determination that it could not entertain Howard's pro se motions because he was represented by counsel. Howard maintains Attorney Dawson "is no longer

- 3 -

[Howard's] attorney, and since Jan., 2017 has not had any contact with [Howard.]" Howard's Br. at 8 (unpaginated).

We disagree with the trial court that Howard was engaging in improper hybrid representation when he filed the IFP Motion. Pursuant to Pennsylvania Rule of Criminal Procedure 122(B)(2), the appointment of Attorney Dawson expired at the end of Howard's direct appeal proceedings. Pa.R.Crim.P. 122(B)(2). Howard thus did not have counsel when he filed the IFP Motion.

We nonetheless affirm the denial of the IFP Motion, albeit on other grounds. We review the denial of in forma pauperis status for abuse of discretion. Commonwealth v. Lepre, 18 A.3d 1225, 1226-27 (Pa.Super. 2011). Rule of Criminal Procedure 904 provides that if a defendant satisfies the court that the defendant is unable to pay the costs of post-conviction proceedings, the court shall order that the defendant be permitted to proceed in forma pauperis. Pa.R.Crim.P. 904(G). Here, at the time Howard filed the IFP Motion, he did not have any post-conviction proceeding pending. He has identified no rule or other provision of law that requires a court to permit a defendant to proceed in forma pauperis after the defendant's direct appeal has ended but before collateral proceedings have begun, and we are aware of none. We perceive no abuse of discretion.

In his third issue, Howard argues that the trial court erred in denying a motion he filed in October 2018. In that motion he alleged, in broad terms, that the prosecution had withheld information and otherwise perpetrated a fraud in order to obtain Howard's convictions. Howard also alleges that the

trial court erred in failing to treat the motion as a Post Conviction Relief Act ("PCRA") petition, 42 Pa.C.S.A. §§ 9541-9546. However, Howard fails to provide any further argument regarding these issues and therefore has waived them. See Pa.R.A.P. 2119(a); Commonwealth v. Freeman, 128 A.3d 1231, 1249 (Pa.Super. 2015) (finding waiver of claim where appellant "made no effort whatsoever to discuss the applicable law or to link the facts of his case to that law").

Next, Howard alleges that the trial court erred "in not reporting Attorney Timothy Dawson, for not responding to any of petitioners['] letters or letters from the court, to address these legal issues." Howard's Br. at 3 (unpaginated). He maintains that the court had a duty to report trial counsel to the Disciplinary Board. Id. at 10. As with his prior issues, he fails to develop this claim any further and does not cite to any supporting case law. He has thus waived this claim. Freeman, 128 A.3d at 1249.

Howard's final claim challenges the trial court's denial of his motion to recuse. See Howard's Br. at 4. He alleges that the trial judge "is a direct conflict interests, and should have removed herself from this matter, because in [Howard's] motion, she is named as a Party to the fraud and deception upon the [c]ourt." Id. at 2. Again, Howard has waived this claim. Freeman, 128 A.3d at 1249; Pa.R.A.P. 2119(a). He fails to develop this claim and does not cite any case law supporting his argument. Moreover, a criminal defendant's informally adding the name of the judge as a respondent to a motion in the defendant's criminal case does not, without more, require the judge to recuse

herself. Howard has not shown that he is entitled to relief, and we therefore affirm the court's orders.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2020