**Demetrius J. GRANT, Appellant**

v.

**Superintendent, Connor BLAINE, Security Captain, Roach, Captain, D. Grainy, Correctional Officer D. Grim, Correctional Officer, D. Crump, Correctional Officer, Cox, Correctional Officer, Stewart and Correctional Officer, Corbett.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 23, 2005.

Decided Jan. 6, 2006.

Demetrius J. Grant, appellant, pro se.

Debra Sue Rand, Asst. Counsel and Michael A. Farnan, Chief Counsel, Camp Hill, for appellees.

BEFORE: SMITH–RIBNER, Judge, COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Demetrius Grant (Grant) appeals from an order of the Court of Common Pleas of Greene County (trial court) which denied his request to proceed *in forma pauperis*. We vacate and remand for the reasons set forth below.

On June 8, 2002, Grant, a prisoner at SCI Greene, filed a prison conditions litigation action and also a Petition to Pro-

ceed *In Forma Pauperis.* On July 8, 2002, the trial court directed Grant to file a certified copy of the statements for his prisoner account for the last six months. Grant complied with this request. By order dated July 30, 2002, the trial court denied Grant's request to proceed *in forma pauperis* because "the average monthly deposits for the six month period preceding the petition exceed the amount of the filing fee. 42 Pa.C.S. § 6602(a)(2)(ii)." Grant appealed to this Court and, by Per Curiam order dated July 30, 2003, we quashed his appeal because we determined that "[a]ppeals from denials of applications to proceed in forma pauperis are not appealable." Grant appealed to the Supreme Court of Pennsylvania which, by decision dated February 23, 2005, reversed the order of this Court. Specifically, the Supreme Court reasoned that an order denying *in forma pauperis* status is a final, appealable order because the practical consequence of such a denial is to effectively put an appellant out of court. *See Grant v. Blaine,* 582 Pa. 1, 868 A.2d 400 (2005). As a result of the Supreme Court's opinion, this case is now before us again, and we will proceed to address the merits of Grant's appeal of the trial court's order denying him *in forma pauperis* status.

Initially, we note that Section 6602(a) of the Prison Litigation Reform Act, which the trial court cited in its order, provides that:

(a) **Prisoner filing requirements.—**

(1) A prisoner seeking to bring prison conditions litigation without the prepayment of fees or security due to indigency must submit a request to the court to proceed without the prepayment of fees.

The request must include a certified copy of the prisoner's prison account statement, which shall be provided by the prison, for the six-month period immediately preceding the filing of the complaint or notice of appeal. The request shall include a statement of any other assets of the prisoner.

(2) The court shall deny in forma pauperis status to any prisoner where:

. . .

(ii) *the average monthly deposits or average highest monthly balance for the six-month period preceding the filing of the action exceeds the amount of the filing fee . . .*

42 Pa.C.S. § 6602(a) (emphasis added). However, on April 29, 2005, which is after the Supreme Court reversed our Per Curiam order in this case, the Supreme Court declared certain provisions of Section 6602 unconstitutional, including Section 6602(a), in *Payne v. Department of Corrections,* 582 Pa., 375, 871 A.2d 795 (2005). In its decision, the Court cited Pa. R.C.P. No. 240 (Rule 240), which provides that:

(f) A party permitted to proceed in forma pauperis shall not be required to

(1) pay any cost or fee imposed or authorized by Act of Assembly or general rule which is payable to any court or prothonotary or any public officer or employee . . .

The Supreme Court determined that Sections 6602(a) through (c) of the PLRA contravened the mandate in Rule 240 and therefore held that those provisions violated their exclusive rulemaking authority under Article V, Section 10(c) of the Pennsylvania Constitution.[1]

---

1. Article V, Section 10(c) provides that:
The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignments and reassignment of classes of actions or classes of appeals among the several courts

After reviewing the record of this case and the relevant case law, we conclude that we are unable to conduct an effective appellate review of this case at this time. First, Section 6602(a), which the trial court cited in support of its order, was declared unconstitutional by the Supreme Court in *Payne*. Therefore, we believe that the proper standard for determining whether *in forma pauperis* status should be granted is set forth solely in Rule 240, which provides, in relevant part, that:

(b) *A party who is without financial resources to pay the costs of litigation is entitled to proceed in forma pauperis.*

(c) Except as provided by subdivision (d), the party shall file a petition and an affidavit in the form prescribed by subdivision (h). The petition may not be filed prior to the commencement of an action or the taking of an appeal.

(1)(i) If the petition is filed simultaneously with the commencement of the action or with the taking of the appeal, the prothonotary shall docket the action and petition or shall accept the appeal and petition without the payment of any filing fee.

(ii) If the court shall thereafter deny the petition, the petitioner shall pay the filing fee for commencing the action or taking the appeal. A party required to pay such fee may not without leave of court take any further steps in the action or appeal so long as such fee remains unpaid. Not sooner than ten days after notice of the denial of the petition pursuant to Rule 236, the prothonotary shall enter a judgment of non pros in the action or strike the appeal if the fee remains unpaid. The action or appeal shall be reinstated only by the court for good cause shown.

(2) If the action is commenced or the appeal is taken without the simultaneous filing of a petition, the appropriate filing fee must be paid and shall not be refunded if a petition is thereafter filed and granted.

(3) *The court shall act promptly upon the petition and shall enter its order within twenty days from the date of the filing of the petition. If the petition is denied, in whole or in part, the court shall briefly state its reasons.*

(emphasis added). Given that the statute which was the basis for the trial court's order has been declared unconstitutional, this case must be remanded to the trial court so that it can issue a new decision following the standards set forth in Rule 240 before its decision can be reviewed by this Court on appeal. Additionally, we note that the amount of the filing fee which Grant would be required to pay is not set forth anywhere in the record of this case or the order of the trial court. Without knowing the amount of the filing fee, this Court is unable to make a determination as to whether the trial court erred in concluding that Grant has sufficient funds in his prison bank account to proceed with his lawsuit. Therefore, on remand, we direct that the trial court note the actual amount of the filing fee when it issues a new decision regarding whether Grant should be granted *in forma pauperis* status.

as the needs of justice shall require, and for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of the Judicial Branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.

Accordingly, the order of the trial court is vacated and this case is remanded for the reasons set forth above.

## ORDER

AND NOW, January 6, 2006, the order of the Court of Common Pleas of Greene County docketed at A.D. No. 502, 2002 is hereby VACATED and this case is RE-MANDED for the reasons set forth in the foregoing opinion.

Jurisdiction relinquished.