J-S32004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS D. CROCK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WILLIAM CRAIG, | |
| Appellee | No. 1235 WDA 2014 |

Appeal from the Order Entered June 30, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-13-12996

BEFORE:  SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 14, 2015**

Thomas D. Crock ("Appellant") appeals from the sanction order entered June 30, 2014, by the Court of Common Pleas of Allegheny County. We affirm.

We glean the facts of this case from the record.  Appellant rented property from William Craig ("Landlord") at 65 Barry Street, Pittsburgh, Pennsylvania.  Complaint, 7/11/13, at ¶¶ 1, 4, 5.  Erie Insurance Company ("Erie") insured the rental property. *Id.* at ¶ 6.  On or about July 13, 2011, while living at the rental property, Appellant broke his ankle when a porch step and support strut suddenly gave way, causing him to fall down on the steps leading to the driveway. *Id.* at ¶¶ 7–9.  Appellant had notified Landlord of repairs needed at the rental property *via* email the previous month and by certified mail about three weeks before his fall. *Id.* at ¶ 10.

Appellant filed a complaint against Landlord and Erie on July 11, 2013, and served it on July 24, 2013. Landlord filed preliminary objections on August 13, 2013, alleging that Appellant improperly introduced insurance into the case and copied "text verbatim from various form guidelines without making any changes to the text." Preliminary Objections, 9/11/13, at ¶¶ 5, 11. The trial court sustained Landlord's preliminary objections, striking the inappropriate sections of Appellant's complaint. Order, 9/12/13. Landlord then filed an answer and new matter on October 30, 2013, to which Appellant responded on December 1, 2013. Appellant attempted to file numerous amended complaints without leave of court and requested leave of court to file additional amended complaints, all of which the trial court denied. In response, Appellant filed an appeal to this Court on February 10, 2014 (docketed at 236 WDA 2014), which we quashed *sua sponte* as interlocutory. Order, 6/4/14.

Attached to Appellant's prior notice of appeal, as part of an *in forma pauperis* ("IFP") petition, was an order entered by Judge Judith Friedman a year earlier, granting Appellant IFP status in the action against Landlord only and dismissing Erie from the case. Order, 7/18/13. This order had not been entered on the docket. Thus, despite knowing that Erie had been dismissed from the case, Appellant had served his original complaint on Landlord naming Erie as a defendant, opposed Landlord's preliminary objections, participated in oral argument, and attempted to file numerous amended

- 2 -

complaints naming Erie as a defendant, all without informing the trial court, Erie, or defense counsel that Erie had been dismissed from the case.

In response to Appellant's lack of candor, Landlord filed a motion pursuant to Pa.R.C.P. 233.1,[1] requesting dismissal of the complaint or monetary sanctions in the form of attorney's fees. Following argument on the motion, Judge Friedman entered an order (1) denying Landlord's request

_____

[1] Pa.R.C.P. 233.1 provides, in relevant part, as follows:

**Rule 233.1. Frivolous Litigation. Pro Se Plaintiff. Motion to Dismiss**

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

* * *

(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1(a), (c). **See Coulter v. Ramsden**, 94 A.3d 1080, 1086–1087 (Pa. Super. 2014), *reargument denied* (Aug. 4, 2014), *appeal denied*, 110 A.3d 998 (Pa. 2014) (applying Rule 233.1).

for dismissal; (2) denying Landlord's alternative request for attorney's fees; and (3) imposing a sanction on Appellant. Order, 6/30/14.

The trial court summarized its order as follows:

[The June 30, 2014] order had two parts, one in [Appellant's] favor, denied Defendant's Motion to Dismiss [Appellant's] instant action; the second part of the order, however, granted Defendant's motion for sanctions against [Appellant]. The sanction imposed was the only one that took into account [Appellant's] lack of financial resources and his persistent failure in this case to follow the Pennsylvania Rules of Court: we denied him the right to file any *future actions* in this Court except at his own expense [for one year]. We believe this is the part of the order that *may* be immediately appealable. Certainly, the merits of his action against [Landlord] have not yet been adjudicated so that portion of the order is clearly interlocutory and was in [Appellant's] favor, in any case.

Our order does not bar [Appellant] from filing any documents with regard to the instant action, which appears to have been his chief concern.[1]

Our order was appropriate in the circumstances. [Appellant] is familiar to this Court for his habit of bringing lawsuits of superficial merit and thereafter proceeding in a fashion that would have litigants who were not penniless paying substantial amounts of counsel fees as sanctions for vexatious behavior. This case is just one example, but it is egregious and merits sanctions of some sort against [Appellant]. We declined to put him out of court at this late date since his case had been ready for trial as early as January 6, 2014, when it was placed at issue.[2]

[1] See the order of the Honorable Ronald W. Folino, Calendar Control Judge, dated July 24, 2014, in which, *inter alia*, Judge Folino directs [Appellant] to ask the undersigned to stay our order regarding sanctions. Instead, [Appellant] chose to file the instant appeal, probably anticipating (correctly) that no stay would be granted.

- 4 -

> [2] On July 3, 2014, shortly after entry or our order, but apparently in the ordinary course of the central calendar system we operate under, the case was given a trial date of November 10, 2014.

Trial Court Opinion, 9/26/14, at 1–2.

Appellant filed this instant appeal, in which he presents the following questions for our consideration:

I. Whether the Trial Court erred and abused its discretion by ordering that [Appellant] is denied the right to proceed *in forma pauperis* whether as a Plaintiff or as a Defendant in any future action in this Court or any future proceeding in any magisterial district in Allegheny County for the period of one year when:

   a. Neither the defense nor the Court, the Hon. Judge Judith Friedman, followed the necessary/required rule(s)/procedure(s) for the imposition of sanctions, Pa.R.C.P. No. 1023.1 – No. 1023.4

II. Are the Hon. Judge Judith Friedman's, Allegheny County Court of Common Pleas, proposed sanctions constitutional, i.e., violate [sic] the fifth and 14th amendments, given that [A]ppellant Crock is indigent?

III. Does the Motions Court Judge have jurisdiction over Amended Pleadings/Complaints as per Allegheny County Local Rules of Court?

Appellant's Brief at 6–7.[2]

Appellant first complains that the trial court erred in denying him IFP status as a plaintiff or defendant in any future action filed in Allegheny

_____

[2] This Court stayed "the portion of the trial court's order dated June 26, 2014 and filed June 30, 2014 denying Appellant Thomas Crock the right to proceed *in forma pauperis* in future cases in Allegheny County." Order, 10/7/14.

County for one year because the trial court did not follow the rules of civil procedure governing the imposition of sanctions. Appellant's Brief at 10. We disagree.

By filing a document, a *pro se* party certifies that, among other things, it is not being presented for any improper purpose and that the factual allegations have evidentiary support. Pa.R.C.P. 1023.1(c)(1), (3). If, "after notice and a reasonable opportunity to respond, the court determines that subdivision (c) has been violated, the court may . . . impose an appropriate sanction upon any . . . parties that have violated subdivision (c) or are responsible for the violation." *Id.* at (d). Rule 1023.1 provides that the trial court has discretion in granting or denying such a motion. *Id.* at Note. Therefore, we review the court's decision for an abuse of that discretion.[3]

A party seeking the imposition of sanctions for a violation of Rule 1023.1(c) must file a motion describing the specific conduct alleged to violate Rule 1023.1(c) and certifying that written notice and demand were served on the *pro se* party who filed the offending document. Pa.R.C.P. 1023.2(a). "An application for sanctions may be filed if the challenged

_____

[3] Similarly, "[i]n reviewing a trial court's resolution of an application to proceed *in forma pauperis*, we reverse only if the court abused its discretion or committed an error of law." *Amrhein v. Amrhein*, 903 A.2d 17, 19 (Pa. Super. 2006) (quoting *Crosby Square Apartments v. Henson*, 666 A.2d 737, 738 (Pa. 1995) (citation omitted)). Our Supreme Court has held that "an order denying *in forma pauperis* status is a final, appealable order." *Id.* (quoting *Grant v. Blaine*, 868 A.2d 400, 402 (Pa. 2005) (emphasis omitted)).

[document] is not withdrawn or appropriately corrected within twenty-eight days after service of the written demand." *Id.* at (b). Alternatively, "[o]n its own initiative, the court may enter an order describing the specific conduct that appears to violate Rule 1023.1(c) and directing . . . [a] party to show cause why it has not violated Rule 1023.1(c) with respect thereto." Pa.R.C.P. 1023.3. Sanctions imposed for violations of Rule 1023.1 must be limited to that which is sufficient to deter repetition. Pa.R.C.P. 1023.4(a)(1). The sanctions may consist of directives of a nonmonetary nature, an order to pay money into court, or an order to pay the moving party's attorney fees and expenses. *Id.* at (a)(2)(i)-(iii).

Our review of the record indicates that the trial court sufficiently complied with the rules of civil procedure governing the imposition of sanctions. Although Landlord proceeded under Pa.R.C.P. 233.1 with a motion to dismiss/motion for sanctions, he detailed Appellant's conduct and certified that written notice and demand were served on Appellant. Motion to Dismiss, 7/1/14, at ¶¶ 1–37 and Notice; Pa.R.C.P. 1023.2(a).[4] Additionally, Appellant filed a response to Landlord's motions, and the trial court conducted a hearing on the motions. Pa.R.C.P. 1023.1(d). We recognize that the trial court did not enter an order directing Appellant to

_____

[4] We conclude that the twenty-eight-day period for filing a motion for sanctions set forth in Pa.R.C.P. 1023.2(b) does not apply because Landlord did not request sanctions based on Appellant's violation of Pa.R.C.P. 1023.1.

show cause why he did not violate Rule 1023.1. However, Appellant's response and participation in oral argument afforded him the opportunity to be heard as contemplated by Pa.R.C.P. 1023.3. Moreover, although the trial court denied Landlord's request for dismissal or monetary sanctions, it imposed a nonmonetary sanction sufficient to deter repetition of Appellant abusing IFP status in the future. Pa.R.C.P. 1023.4(a)(1).

As the trial court explained, it imposed sanctions based on Appellant's conduct, which included:

> [his] knowing failure to advise Erie and other judges of this Court that the undersigned had entered an order granting him IFP status as to the action against [Landlord] only and had dismissed, with prejudice, his action against Erie, the insurer for Mr. Craig, [Appellant's] landlord.

Order, 6/30/14, at 1. The trial court further explained its ruling, as follows:

> For reasons that are unclear, the Court's order never appeared on the docket maintained by the Department of Court Records and as a result only the undersigned and [Appellant] himself were aware of the dismissal. Despite defense counsel's suspicions regarding [Appellant's] being behind the failure of the order to get docketed, we were not able to reach the same conclusion. We therefore assumed that it was the mistake of the Department of Court Records alone that led to the order's not being on the docket. However, [Appellant] admitted that he himself was well aware that he could not proceed against Erie and stated at the argument on June 25, 2014, that it was just a mistake that he failed to remove Erie from the action. However, he had several prior opportunities to inform defense counsel and the other judges of the supposed mistake and failed to do so. This is the misconduct that has led to these sanctions. [Appellant] suggested at argument that since he was not an attorney, he had no duty to bring the existence of the order dismissing Erie to anyone's attention. This is not correct. While an attorney engaging in such conduct could risk his very career, a non-attorney is not excused from sanctions for lack of candor

to the court.  [Appellant] had a duty as a citizen representing himself in court to correct what was obviously an incorrect impression given to defense counsel and the other judges by the continued naming of Erie as a defendant.  His failure to do so caused a good deal of wasted time and inconvenience for no apparent purpose except his personal enjoyment in aggravating attorneys and, on occasion, judges.

Because [Appellant] is indigent, the imposition of monetary sanctions would be meaningless even though counsel for [Landlord] and Erie has shown ample cause for such a sanction.  The alternative sanction that the Court said it would impose, barring [Appellant] from representing himself as a plaintiff in any case before this Court, while tempting, is without authority under the Rules of Court.

\* \* \*

[Appellant] has abused the system and, based on his lengthy history of unfounded **pro se** litigation, capped by his deplorable behavior in this action, he has forfeited his right to be excused from paying the costs himself of any future litigation.

Order, 6/30/14, at 2–3.

Upon review, we discern no procedural error or abuse of the trial court's discretion.  Thus, based on the trial court's analysis, we conclude that Appellant's first claim does not warrant relief.

Next, Appellant challenges the trial court's sanction as violating his Fifth Amendment right to due process and his Fourteenth Amendment right to equal protection.  Appellant's Brief at 18–19.[5]  As sole support for his

_____

[5]  Pa.R.A.P. 2119(a) provides as follows, "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of

*(Footnote Continued Next Page)*

- 9 -

position, Appellant provides an excerpt from **Kakosch v. Siemens Corp.**, 2015 WL 404113 (E.D. La., filed January 28, 2015). Therein, Kakosch, a *pro se* plaintiff, abused the court system by filing successive frivolous actions against the same parties, raising the same claims. In response to defense arguments, the district court declined to impose the "drastic remedy" of an injunction which would restrain Kakosch from filing further lawsuits. **Id.** at *12. Rather, recognizing that Kakosch's claims had previously been dismissed as frivolous by other United States District Courts, the **Kakosch** Court again dismissed Kakosch's claims. **Id.** at *13. In doing so, the district court reminded Kakosch that "his *pro se* status provides him with 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" **Id.** (quoting **Farguson v. Mbank Houston, N.A.**, 808 F.2d 358 (5th Cir. 1986)). The district court also warned Kakosch that "[d]ismissal, and possibly sanctions, may result from further frivolous filings." **Id.** at *12.

We reject Appellant's reliance on **Kakosch** for multiple reasons. First, federal decisions are not binding on this Court. **McDonald v. Whitewater**

_(Footnote Continued)_ ————————————

authorities as are deemed pertinent." **See Owens v. Mazzei**, 847 A.2d 700 (Pa. Super. 2004) (concluding that bank waived arguments on appeal where bank provided no cohesive analysis of issue and relied on summary conclusions). Here, Appellant's argument consists only of excerpts from the federal constitution and citation to a federal case with no analysis. While we could deem Appellant's second issue waived for failure to comply with Rule 2119, we shall address the merits of his underdeveloped claim in the interest of judicial economy.

***Challengers, Inc.***, 2015 PA Super 104, ___ A.3d ___ (Pa. Super. filed April 29, 2015) ("Our law clearly states that, absent a United States Supreme Court pronouncement, the decisions of federal courts are not binding on Pennsylvania state courts, even when a federal question is involved...."). Second, even if persuasive, the ***Kakosch*** case did not involve the constitutional challenges that Appellant presents. Third, the ***Kakosch*** case involved the drastic remedy of an injunction, not the denial of IFP status for one year.

As for Appellant's substantive argument, our review of the record indicates that he received due process and equal protection in the form of having the opportunity to file a response to Landlord's motions, to participate in oral argument before Judge Friedman, and to file pleadings in future actions, albeit with payment upfront. Thus, we discern no violation of Appellant's constitutional rights.

Lastly, Appellant asserts that the motions court did not have jurisdiction over his Petition for Leave to File First Amended Complaint. Appellant's Brief at 22. In support of his position, Appellant provides an excerpt from the June 25, 2015 oral argument on Landlord's motion to dismiss/motion for sanctions. Upon review of the certified record, we conclude that Appellant is not entitled to relief.

We note that Appellant's argument in support of this issue is a mere collection of phrases and citations to local rules of court without analysis. As

such, it violates Pa.R.A.P. 2119(a). Moreover, "[i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in this case." **Eichman v. McKeon**, 824 A.2d 305, 316 (Pa. Super. 2003) (quoting **Bennyhoff v. Pappert**, 790 A.2d 313, 318 (Pa. Super. 2001)). Any document which is not included in the official certified record is considered to be non-existent; this deficiency may not be remedied by inclusion in the reproduced record. **Id.**; Pa.R.A.P. 1921. It is an appellant's responsibility to provide a complete record to the appellate court on appeal, including transcription of testimony. **Id.** (citing **McNeal v. Eaton Corp.**, 806 A.2d 899 (Pa. Super. 2002)). Where this Court cannot conduct a review of an appellant's claim due to such a defect in the record, we may find the issue waived. **Bennyhoff**, 790 A.2d at 318.

Here, Appellant has not included in the official certified record a transcript of the June 25, 2014 oral argument before Judge Friedman, at which argument he attempted to file his amended complaint and various documents. This defect in the record precludes appellate review and provides no basis on which to disturb the trial court's ruling.

For all the foregoing reasons, we conclude that Appellant is not entitled to relief. Therefore, we are constrained to affirm the order imposing the sanction which denies Appellant IFP status for one year. Moreover, we deny Appellant's June 26, 2015 application for relief.

Order affirmed.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2015