IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley J. Caterbone and Advanced : 
Media Group, : 
                   Appellants : 
       : 
       : 
          v. : 
       : 
Lancaster County Court of Common : 
Pleas, Lancaster County Adult : 
Probation and Parole, Lancaster : 
County District Attorney's Office, : 
Commonwealth of Pennsylvania, : 
and Commonwealth of Pennsylvania, :   No. 898 C.D. 2024
Attorney General :   Submitted: April 13, 2026

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STELLA M. TSAI, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE TSAI                               FILED: June 5, 2026

      Stanley J. Caterbone and Advanced Media Group (Appellants) appeal, *pro se*, from an order of the Court of Common Pleas of Lancaster County (trial court) denying their petition to proceed *in forma pauperis* (IFP petition).[1] We affirm.

---

[1] Appellants purported to appeal from the order denying their motion for reconsideration of the order denying the IFP petition. "Pennsylvania courts have long held[] that orders denying reconsideration are not reviewable on appeal." *Philadelphia Cmty. Dev. Coal., Inc. v. Fassett trustee for Fassett*, 312 A.3d 377, 387 (Pa. Cmwlth. 2024). However, this defect does not impede our review of the order denying the IFP petition, as Appellants filed their notice of appeal within

On December 26, 2023, Appellants[2] initiated the instant action by filing in the trial court a document entitled "Preliminary or Special Injunction Re Probation Contract and Minimal or Adequate Care," naming as defendants the Court of Common Pleas of Lancaster County, Lancaster County Office of Adult Probation and Parole, Lancaster County District Attorney's Office, Commonwealth of Pennsylvania, and Pennsylvania Attorney General (collectively, Defendants). Certified Record item (C.R.) 1 at 1 (unnecessary capitalization omitted). In a portion of their filing entitled "Brief Supporting Preliminary or Special Injunction," Appellants raised various issues, including: (1) Caterbone's "litigati[on] since at least 2005 as a victim of U.S.-sponsored mind control, and victim of a broad COINTELPRO operation v[ersus] the U.S. military, intelligence, and police industrial complex;" (2) water and insect infiltration in Caterbone's home; and (3) Caterbone's difficulty traveling during winter without a car. *Id*. at 4-6 (unnecessary capitalization omitted).

Appellants represented that they chose to report "all of the above" to Defendants "many, many times," but Defendants ignored the complaints. *Id*. at 12. Appellants sought the following injunctive relief: Caterbone's immediate release from probation and parole supervision; refund of all paid fines and costs; "payment

---

30 days of entry of the underlying order. *See* Pa.R.A.P. 903(a) (establishing 30-day appeal period). "[A]n order denying *in forma pauperis* status is a final, appealable order." *Grant v. Blaine*, 868 A.2d 400, 403 (Pa. 2005).

[2] Appellants' brief states that Caterbone is "the majority shareholder of the Pennsylvania incorporated business Advanced Media Group, Ltd." Appellants' Br. at 2. There is no indication in the record that Advanced Media Group is a genuine corporate entity. *See Skotnicki v. Ins. Dep't*, 146 A.3d 271, 284 (Pa. Cmwlth. 2016) (explaining that "corporations may not act *pro se* in court[] and . . . non-attorneys may not represent them, regardless of the individual's status as the corporation's officer, director, shareholders or employee"), *aff'd on other grounds*, 175 A.3d 239 (Pa. 2017).

of the $70,000 vandalism and theft monies;" expungement and a pardon related to all charges against Caterbone concerning his next-door neighbors; and "removal of all neighbors that have been engaged in the harassment and stalking campaigns." *Id*. at 13 (unnecessary capitalization omitted). Appellants' filing continued for a total of 146 pages, addressing a wide range of topics and allegations.

Appellants filed an IFP petition contemporaneously with their request for injunctive relief. By a January 10, 2024 order,[3] the trial court denied the IFP petition, finding that the "proceeding lacks any arguable basis in law or fact, and, therefore, the action for which [Appellants] seek[] IFP status is frivolous."[4] C.R. 3 at 1 n.1. Appellants filed a motion for reconsideration, which the trial court denied. Appellants filed a timely notice of appeal on February 1, 2024.[5] Later that day, the trial court entered judgment of *non pros* based on Appellants' failure to pay the

---

[3] Although dated and stamped as filed on December 27, 2023, the trial court prothonotary did not give notice of entry of the order denying the IFP petition until January 10, 2024. *See* Pa.R.Civ.P. 236(a), (b) (providing that the prothonotary shall give written notice of entry of any order or judgment and "shall note in the docket the giving of the notice"); Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).").

[4] Pennsylvania Rule of Civil Procedure 240(j)(1) provides:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1).

[5] Appellants filed their appeal to the Superior Court. On July 15, 2024, the Superior Court entered an order transferring the appeal to this Court. *See* 42 Pa. C.S. § 762(a)(1)(i) (providing that Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of courts of common pleas in civil actions against a Commonwealth entity where Commonwealth Court lacks original jurisdiction).

3

required filing fees.[6]  *See* Pa.R.Civ.P. 240(c)(1)(ii) (directing prothonotary to enter *non pros* judgment if a plaintiff does not pay filing fee within ten days of denial of IFP petition).

The trial court entered an order directing Appellants to file and serve a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (1925(b) Statement), and Appellants complied with this order.  In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court found that Appellants' "rambling, incoherent" concise statement could not "be parsed for purposes of enumerating specific appellate claims."  Trial Court Opinion at 4.  The trial court thus determined that Appellants failed to preserve any issues for appellate review.  *Id*. at 4-5.  The court further reasoned that it properly denied the IFP petition because "the underlying legal basis for Appellant[s'] claims against … Defendants is simply indecipherable."  *Id*. at 5-6.

Appellants do not raise any discernible issues in their brief in this Court.[7]  Instead, they merely cite the trial court's ruling that their action was frivolous and assert that the trial court "lack[ed] insight to both the truth and the law and is demonstrating that [it] most likely never read or reviewed a single page of the

---

[6] Generally, a party may only challenge issues relating to a *non pros* judgment by filing a petition to open or strike the judgment.  Pa.R.Civ.P. 3051(a); *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 999-1000 (Pa. 2001).  This rule, however, does not present an impediment to our review because Appellants filed their notice of appeal from the final, appealable order denying their IFP petition **prior** to entry of the *non pros* judgment.

[7] Appellate review of a trial court's dismissal of an action pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1) is limited to determining whether an appellant's constitutional rights were violated and whether the trial court abused its discretion or committed an error of law.  *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

emergency injunction."[8]  Appellants Br. at 2 (unnecessary capitalization omitted). Appellants' brief then proceeds to repeat the same allegations set forth in the underlying request for injunctive relief.

Upon review, we agree with the trial court that Appellants waived any claim they could raise on appeal due to their non-compliance with Rule 1925(b).  "[W]hen a trial court orders an appellant to file a Rule 1925(b) [s]tatement, he must do so within 21 days and 'concisely identify each error that [he] intends to assert with sufficient detail to identify the issue to be raised for the judge[,]' Pa.R.A.P. 1925(b)(4)(ii), or risk waiving those issues." *Cummings v. Matiyasic*, 347 A.3d 849, 852 (Pa. Cmwlth. 2025); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").  *Pro se* litigants are entitled to no special benefit and are subject to the same procedural rules as represented litigants.  *Cummings*, 347 A.3d at 852; *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023).

A concise statement does not comply with Rule 1925(b) "if it is so vague and broad that it does not identify the specific [issues] raised on appeal." *Chin v. New Flyer of Am., Inc.*, 169 A.3d 689, 698 (Pa. Cmwlth. 2017) (citation omitted).  We have explained:

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.  When an appellant fails adequately

---

[8] Apart from identifying the trial court determination challenged in this appeal, Appellants' brief does not include any of the remaining required components of an appellant's brief, including the statement of jurisdiction, statement of the scope and standard of review, statement of the questions involved, statement of the case, summary of argument, argument, conclusion stating the precise relief sought, and certificates of compliance.  Pa.R.A.P. 2111(a)(1)-(6), (8)-(9), (12). While an appellate court may quash or dismiss an appeal based on substantial defects in an appellant's brief, we decline to do so here.  Pa.R.A.P. 2101.

to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

In other words, a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.

*Id*. (citation omitted).

Appellants' Rule 1925(b) statement is a 55-page, single-spaced document, consisting of a 14-page summary of the allegations in their underlying request for injunctive relief and various attachments, including letters to the Lancaster County Prison Board and members of the news media. The Rule 1925(b) statement does not include a numbered list of issues Appellants seek to raise on appeal, nor do they explain how the trial court erred as a matter of law, abused its discretion, or violated their constitutional rights by denying the IFP petition. As Appellants failed to identify any specific, discernible claims of error in their Rule 1925(b) statement, we conclude that they have failed to preserve any issue for this Court's review. Pa.R.A.P. 1925(b)(4)(ii), (vii); *Chin*, 169 A.3d at 698.

Accordingly, we affirm the order denying Appellants' IFP petition.[9]

_____
STELLA M. TSAI, Judge

---

[9] Even if we reached the ultimate issue of whether the trial court properly denied the IFP petition, we would find no error of law, abuse of discretion, or violation of Appellants' constitutional rights. When a party files an IFP petition simultaneously with the commencement of an action, the reviewing court may dismiss the petition "if it is satisfied that the action . . . is frivolous." Pa.R.Civ.P. 240(j)(1). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id*., Note (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Our review of Appellants' request for injunctive relief confirms that they did not plead facts connecting Defendants' conduct to any of the alleged harms that have befallen Caterbone or demonstrate how they have met any of the elements for preliminary or special injunctive relief. Therefore, the trial court properly found that Appellants' action was frivolous as defined by Pennsylvania law.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley J. Caterbone and Advanced     :
Media Group,     :
                Appellants     :
    :
    :
    :
          v.     :
    :
Lancaster County Court of Common     :
Pleas, Lancaster County Adult     :
Probation and Parole, Lancaster     :
County District Attorney's Office,     :
Commonwealth of Pennsylvania,     :
and Commonwealth of Pennsylvania,     :
Attorney General     :     No. 898 C.D. 2024

**O R D E R**

AND NOW, this 5th day of June, 2026, the January 10, 2024 order of the Court of Common Pleas of Lancaster County is hereby AFFIRMED.

_____
STELLA M. TSAI, Judge