556 A.2d 950

Travis Banks, Appellant *v.* Joseph M. Ryan, John Kerestes, Lieutenant Martin, Lieutenant Jones, John Frantz, Mr. Bubb, John R. Stepanik, David Larkins, Paul Crisler, J. Kevin Kane, and Edward Klem, Appellees.

Submitted on briefs September 13, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Travis Banks*, appellant, for himself.

*Mary B. Seiverling*, Deputy Attorney General, with her, *John G. Knorr, III*, Chief Deputy Attorney General, and *LeRoy S. Zimmerman*, Attorney General, for appellees.

OPINION BY JUDGE SMITH, April 5, 1989:

Appellant, Travis Banks, appeals from an order of the Luzerne County Court of Common Pleas which denied Appellant's request for a preliminary injunction, his application for leave to file in forma pauperis a complaint in equity against Appellees, and his request for appointment of counsel.[1] On March 13, 1988, Appellant, an

---

[1] An order denying permission to proceed in forma pauperis in a civil action is deemed final and appealable as the order effectively

inmate at the State Correctional Institution at Dallas, mailed among other documents a pro se complaint, a petition to proceed in forma pauperis, a demand for a jury trial, a motion for preliminary injunction, and a request for the appointment of counsel to the Prothonotary of the Luzerne County Court of Common Pleas. In his complaint, Appellant sought punitive and compensatory damages, preliminary and permanent injunctive relief, and an arbitration hearing arising out of the issuance of a misconduct report against Appellant.

Appellant alleged in his complaint that on December 6, 1985, a "shank" or homemade knife was found in his cell by prison authorities and that as a result, Appellant was charged with possession of contraband and failure to report the presence of contraband and placed in solitary confinement. In a disciplinary hearing, Appellant was found guilty of misconduct and ordered to be placed in a restricted housing unit for 180 days. Appellant alleged that the knife was planted in his personal belongings by Appellees, who conspired to falsely charge Appellant with possession of contraband, subjecting him to a pretextual form of punishment, and that as a result he has been set back nine months in his eligibility for a prerelease program.

Appellant asserts in his appeal that the trial court committed an error of law and abuse of discretion in denying, without a hearing, Appellant's petition for leave to file in forma pauperis a complaint in equity. Appellant's application to proceed in forma pauperis was summarily denied by the trial judge on grounds that Appellant's request did not comport in essential respects with Pa. R.C.P. No. 240(h) in that his affidavit failed to

---

puts the petitioner out of court. *Koziatek v. Marquett*, 335 Pa. Superior Ct. 482, 484 n.1, 484 A.2d 806, 807 n.1 (1984). This Court entered an order on April 15, 1988 granting Appellant in forma pauperis status on appeal.

indicate the value of his real estate interests and other financial information required by law.

The Superior Court in *Davila v. Soto*, 250 Pa. Superior Ct. 42, 44, 378 A.2d 443, 444 (1977), stated that "[i]t is the recognized policy of this Commonwealth that when a plaintiff is proved to be in poverty, he still has the right to prosecute his suit free from costs. . . . Conversely, it is also a policy of this Commonwealth that those persons who can afford the costs of appeal may not enjoy the right of appealing without payment." *See also* Section 1725(a)(1) of the Judicial Code, 42 Pa. C. S. §1725(a)(1); *Thompson v. Garden Court, Inc.*, 277 Pa. Superior Ct. 460, 463, 419 A.2d 1238, 1240 (1980). In *Thompson*, the Superior Court stated that if the trial court questions the allegations in the petition, the trial court may schedule the matter for hearing, because to deny the petition summarily, without a hearing, would be improper.

Instantly, the trial judge did not challenge the veracity of the affidavit's contents. Rather, the trial judge in his opinion emphasized that Appellant in his affidavit refuted the proposition that he was a pauper through his admissions that he owned real property and was currently employed at the prison and further that Appellant deliberately omitted information crucial to a determination of his true economic status. Trial Court Opinion, p. 2. It is well-settled in this Commonwealth that when a claim of poverty is made, the supporting affidavit must state the facts as to affiant's poverty with some definiteness. The trial court thus did not abuse its discretion by summarily dismissing Appellant's petition on grounds that Appellant failed to substantially comply with Pa. R.C.P. No. 240(h).

Appellant further asserts that the trial court abused its discretion by denying Appellant's request for preliminary and permanent injunctive relief. Appellant contends that his constitutional rights to due process and equal

protection have been violated through the trial court's failure to schedule an evidentiary hearing on Appellant's request for injunctive relief.[2] Appellant sought to enjoin Appellees and their agents from allegedly threatening Appellant and his witnesses with imposition of bodily harm and summary forms of punishment. In denying injunctive relief, the trial court concluded that the pleading was insufficient to warrant even the issuance of a rule to show cause holding that no clear right to relief was presented as the allegations failed to show immediate or irreparable injury and furthermore, an adequate remedy at law existed. Trial Court Opinion, pp. 5-6.

On appeal from a grant or denial of a preliminary injunction, this Court's scope of review is limited to determining whether any apparently reasonable grounds existed for the action of the trial court. The reviewing court will not inquire into the merits of the controversy. *Americus Centre, Inc. v. City of Allentown*, 112 Pa. Commonwealth Ct. 308, 535 A.2d 1200 (1988). In order to sustain a preliminary injunction, the petitioner's right to relief must be clear, the need for relief must be immediate and the injury must be irreparable if the injunction is not granted. Moreover, the preliminary injunction must operate to restore the parties to the status quo as it existed prior to the alleged wrongful conduct until legality of the challenged action can be determined on the merits. *Pennsylvania Interscholastic*

---

[2] It is the Commonwealth's position that the trial court prematurely addressed Appellant's request for a preliminary injunction in view of its denial of in forma pauperis status to Appellant. Pa. R.C.P. No. 240(c)(1) provides that a party required to pay a filing fee "may not without leave of court take any further steps in the action or appeal so long as such fee remains unpaid." The trial judge apparently exercised his discretionary common-law power to grant the petitioner access to the court without prepayment of assigned fees. *See Frankhouser v. Harding*, 3 D. & C. 3d 233, 235 (1977).

*Athletic Association v. Geisinger*, 81 Pa. Commonwealth Ct. 421, 474 A.2d 62 (1984).

As the trial court is afforded broad discretion in the refusal of a preliminary injunction, a reviewing court must uphold the trial court's grant or refusal of preliminary relief if it can be sustained upon any apparently reasonable ground. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Moose*, 365 Pa. Superior Ct. 40, 528 A.2d 1351 (1987), *appeal denied*, 518 Pa. 614, 542 A.2d 1370 (1988). Although no absolute duty exists to grant an evidentiary hearing, the trial court's refusal to grant a hearing on an application for preliminary injunction is error where it amounts to an abuse of discretion. *Sameric Corp. of Valley Forge v. Valley Forge Center Association*, 102 Pa. Commonwealth Ct. 581, 519 A.2d 546 (1986).

Actions of prison officials in disciplining inmates are not subject to judicial review in the absence of arbitrariness or capriciousness. This Court held in *Robson v. Biester*, 53 Pa. Commonwealth Ct. 587, 592, 420 A.2d 9, 12 (1980) that "inquiry by the Courts into prison management, of which discipline is an essential element, must be limited to the issue of whether a particular system violated any prohibition in the constitution. . . ."[3] Appel-

---

[3] The full panoply of constitutional rights due a defendant in a criminal prosecution does not apply to prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the Supreme Court announced that the following rights must be provided to an inmate at a disciplinary hearing: (1) he must receive written notice of the charges against him no less than twenty-four hours before the hearing; (2) he must receive a written statement of the evidence upon which the fact finder relied and the reasons for the discipline; (3) he must have the opportunity to call witnesses and present documentary evidence in his defense, when permitting him to do so will not jeopardize institutional safety and correctional goals; and (4) in certain cases he must receive the aid of a fellow inmate or member of the prison staff during the hearing itself.

lant here failed to allege unconstitutional conditions of confinement or any fact from which the trial court might infer an allegation that the prison disciplinary action was arbitrarily or capriciously imposed. Nor did Appellant allege violation of his due process rights with respect to the failure to schedule a rehearing pursuant to an alleged order of the Central Office Review Committee or through the apparent refusal to expunge the misconduct notation from Appellant's prison record.

Administrative review of prison disciplinary hearings is not constitutionally guaranteed; therefore, Appellant's pro se claims with respect to the Program Review Committee's decision as to Appellant's appeal of the disciplinary action do not rise to the level of constitutional significance. *See King v. Hilton*, 525 F. Supp. 1192, 1200 (D.N.J. 1981); *U.S. ex rel. Jones v. Rundle*, 358 F. Supp. 939, 947 (E.D. Pa. 1973). *See also Hewitt v. Helmes*, 459 U.S. 460 (1983). Thus, in the instant case there is no evidence of record that the administrative action taken against Appellant did not fairly and rationally satisfy the concepts of due process.

Appellant requested that the trial court enjoin Appellees and their agents from allegedly threatening Appellant and his witnesses with bodily harm and with imposition of summary disciplinary proceedings at some future date. The mere possibility of future injury however is not sufficient to satisfy the standard for granting a preliminary injunction. *Regional Scaffolding & Hoisting Co. v. City of Philadelphia*, 593 F. Supp. 529 (E.D. Pa. 1984). Appellant has made no clear showing of immediate irrepa-

---

Additionally, 37 Pa. Code §310(b) provides for written notice of charges, an impartial hearing, opportunity for the inmate to present evidence in his behalf, assistance from other inmates or staff members, a written statement of the decision as issued by the hearing board (based on the preponderance of the evidence) and an opportunity to appeal from the decision.

rable injury of such a nature that it cannot be compensated by an adequate remedy at law. Therefore, the trial court's refusal to grant an evidentiary hearing on Appellant's application for preliminary injunction does not amount to an abuse of discretion.

Moreover, the trial court's denial of Appellant's request for court-appointed counsel does not either in its technical effects or in its practical ramifications preclude Appellant from presenting the merits of his claim to the trial court. The trial court characterized Appellant's case as a civil case for money damages, and in view of that circumstance found it inappropriate to provide free counsel to assist Appellant. In *Corra v. Coll*, 305 Pa. Superior Ct. 179, 183-184, 451 A.2d 480, 482-483 (1982), the Superior Court held that the presumption of the right to counsel exists for an indigent only in situations potentially involving the deprivation of a protected liberty interest. In any event, such a denial is not a final or appealable order. *Freeze v. Donegal Mutual Insurance Co.*, 504 Pa. 218, 470 A.2d 958 (1983).

This Court therefore concludes that the trial court committed neither an error of law nor abuse of discretion in denying Appellant's petitions. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 5th day of April, 1989, the order of the trial court is affirmed.

Judge BARRY concurs in the result only.

Judge MACPHAIL did not participate in the decision in this case.