868 A.2d 400

**Demetrius J. GRANT, Appellant,**

v.

**Superintendent Connor BLAINE, Security Captain Roach, Captain D. Grainy, Correctional Officer D. Grim, Correctional Officer D. Crump, Correctional Officer Cox, Correctional Officer Stewart, and Correctional Officer Corbett, Appellees.**

Supreme Court of Pennsylvania.

Submitted Sept. 3, 2004.

Decided Feb. 23, 2005.

———————

Michael Patrick Bigley, Esq., for Demetrius Grant.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice EAKIN.

Appellant, Demetrius J. Grant, appeals from the *per curiam* order of the Commonwealth Court quashing his appeal from the denials of his applications to proceed *in forma pauperis*. We reverse.

On June 8, 2003, appellant, a prisoner at the SCI Waynesburg, filed a prison condition litigation action, seeking to proceed *in forma pauperis*. The trial court denied appellant's request, citing 42 Pa.C.S. § 6602(a)(2)(ii),[1] finding the average monthly deposits to his prison account exceeded the filing fee.

Appellant filed an appeal with the Commonwealth Court, which entered a *per curiam* order quashing the notice and amended notices of appeal, stating the denial of *in forma pauperis* status is not appealable. *See Grant v. Blaine, et al.*, No. 1630 CD 2003, unpublished order (Pa.Cmwlth. filed July

1. A prisoner seeking to bring prison conditions litigation without the prepayment of fees or security due to indigency must submit a request to the court to proceed without the prepayment of fees. The request must include a certified copy of the prisoner's prison account statement, which shall be provided by the prison, for the six-month period immediately preceding the filing of the complaint or notice of appeal. The request shall include a statement of any other assets of the prisoner.
 42 Pa.C.S. § 6602(a)(1).
 The court shall deny *in forma pauperis* status to any prisoner where: (ii) the average monthly deposits or average highest monthly balance for the six-month period preceding the filing of the action exceeds the amount of the filing fee. . . .
 *Id.,* § 6602(a)(2)(ii).

31, 2003). We granted review to consider the propriety of such order.

Appellant contends the Commonwealth Court erred in quashing his appeal. Specifically, he contends an order denying *in forma pauperis* status is a final, appealable order because it has the practical consequence of putting him out of court.[2]

In *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978), this Court addressed the finality of orders:

> It is, of course, well settled that an appeal will lie only from a final order unless otherwise permitted by statute. A final order is one which usually ends the litigation, or alternatively, disposes of the entire case. In determining what constitutes a final order ... we look to "a practical rather than technical construction" of an order.... "Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." We have also said that if the practical consequence of the order by the trial court is effectively to put an appellant "out of court" the order will be treated as final. Similarly, an order is "final" if it precludes a party from presenting the merits of his claim to the lower court.

*Id.*, at 544–45 (internal citations and footnote omitted).

Despite the order herein, both the Superior and Commonwealth Courts have previously reviewed denials of *in forma pauperis* status. *See Harry v. Lehigh Valley Hosp.*, 825 A.2d 1281 (Pa.Super.2003) (order denying *in forma pauperis* status appealable); *Crosby Square Apts. v. Henson*, 446 Pa.Super. 286, 666 A.2d 737 (1995) (order denying *in forma pauperis* status final and appealable); *Banks v. Ryan*, 124 Pa.Cmwlth. 603, 556 A.2d 950 (1989) (same); *Koziatek v. Marquett*, 335 Pa.Super. 482, 484 A.2d 806 (1984) (same); *Sellers v. Sellers*,

---

**2.** Appellees did not file a brief.

293 Pa.Super. 265, 438 A.2d 986 (1981) (appeal from denial in part of *in forma pauperis* status properly before court).

In *Roberts v. United States Dist. Court,* 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (*per curiam*), petitioner, a prisoner, filed a petition for a writ of injunction, seeking to proceed *in forma pauperis. Id.,* at 844, 70 S.Ct. 954. The United States Supreme Court held a District Judge's denial of the right to proceed *in forma pauperis* is immediately appealable. *Id.* (citing 28 U.S.C. § 1291; *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)); *see also Deutsch v. United States,* 67 F.3d 1080, 1083 (3d Cir.1995) (order denying *in forma pauperis* status appealable "because an in forma pauperis plaintiff must be afforded appellate review of a determination that he is required to pay all or a portion of the court costs and filing fees to file a claim. . . ."); *Sinwell v. Shapp,* 536 F.2d 15 (3d Cir.1976) (order denying motion to proceed *in forma pauperis* appealable).

Although we are not bound by these decisions, we find them persuasive. Appellant was denied the ability to proceed *in forma pauperis;* this ruling denied him the filing of his prison litigation action. If such denial were not immediately appealable, appellant would be left without remedy should the trial court have been in error.

Denial of this status to one who does not qualify does not improperly deny access to the courts; conversely, improper denial of status is improper denial of access. A litigant who is denied the ability to bring a cause of action due to his true inability to pay the costs is effectively put out of court. Because such a denial may close the courthouse door to litigants, they must be permitted to appeal the denial of *in forma pauperis* status. In accordance with this Court's analysis in *Pugar,* looking at the trial court's order, and determining "the practical consequence . . . is effectively to put an appellant 'out of court'," *id.,* at 544–45, we hold an order denying *in forma pauperis* status is a final, appealable order.

The Commonwealth Court erred in quashing appellant's appeal from the denial of *in forma pauperis* status.

Order reversed. Jurisdiction relinquished.