# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph J. Taylor, : 
       Appellant  : 
            : 
    v.      :  No. 210 C.D. 2023
            :  Submitted: September 9, 2024
Greg Payne, James C. Barnacle, : 
Mykia Capers, Antonio Oliveraz, and : 
Jane Doe Maddison     : 


**BEFORE:  HONORABLE RENÉE COHN JUBELIRER,** President Judge
      **HONORABLE PATRICIA A. McCULLOUGH,** Judge
      **HONORABLE ANNE E. COVEY,** Judge


**<u>OPINION NOT REPORTED</u>**


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**  **FILED: October 17, 2024**

Appellant, Joseph J. Taylor (Taylor), proceeding pro se, appeals from an Order of the Court of Common Pleas for Montgomery County (common pleas), dated November 7, 2022, denying a Petition to Proceed *in Forma Pauperis* (IFP Petition). For the reasons set forth below, we vacate the denial of the IFP Petition and remand for common pleas to consider Taylor's IFP Petition.

On September 19, 2018, Taylor, an inmate at the State Correctional Institution at Phoenix, initiated this action in common pleas by filing what he titled a "Civil Rights Complaint" against Pennsylvania Department of Corrections employees, Greg Payne, James C. Barnacle, Mykia Capers, Antonio Oliveraz, and Jane Doe

Maddison (collectively, Appellees), seeking compensatory and punitive damages.[1] Concurrent with the Complaint, Taylor filed an IFP Petition, which common pleas granted. In May 2022, an arbitration was held, at which Taylor prevailed when Appellees did not appear.[2] (*See* Original Record (O.R.) Item 41.) Appellees and Taylor then appealed the arbitration decision. In connection with his appeal of the arbitration decision, Taylor filed another IFP Petition, which was granted as to the filing fee only on May 20, 2022. (*See* O.R. Items 44-47.) After some further filings, not relevant to the limited issue before this Court, Taylor sought to reinstate his Complaint and subsequently filed a "Praecipe to Reinstate Court's Order Granting the Waiver of Sheriff's Service Fee" based on common pleas' 2018 grant of IFP status, in which he references he is attaching his original IFP Petition. (O.R. Item 78.) Although apparently intended to be an attachment to that filing, the IFP Petition was separately docketed as a new filing. (*See* O.R. Item 81.) Common pleas denied the IFP Petition by the Order dated November 7, 2022, citing Pennsylvania Rule of Civil Procedure 126, Pa.R.Civ.P. 126, and stating that rule "assists 'just, speedy and inexpensive determination(s).' This ruling is over 4 years old." (Common pleas' 11/7/22 Order (quoting Pa.R.Civ.P. 126).)

Taylor filed the Notice of Appeal on November 29, 2022.[3] On January 5, 2023, common pleas issued an opinion in accordance with Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a) (1925(a) Opinion.). Therein,

---

[1] The title of the Complaint states "Compensatory, Punitive, Declaratory & Injunctive Relief Sought;" however, the Relief Sought section of the Complaint appears to only seek damages. In any case, the allegations averred in the Complaint are not relevant to the limited issue before us. Thus, it is unnecessary to recite the allegations here.

[2] Appellees contend service was never properly effectuated.

[3] Taylor initially sought appellate review by the Superior Court. However, on January 30, 2023, the Superior Court, *sua sponte*, transferred the appeal to this Court.

common pleas requested reversal of its November 7, 2022 Order that denied Taylor's IFP Petition, explaining as follows:

> When [common pleas] received the [IFP] Petition . . . all that was presented was the last four pages. [Common pleas] denied the [IFP] Petition because the docket number reflects a case [that] started in 2018. [Common pleas] cited Pennsylvania Rule of Civil Procedure 126, which states, "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C[iv].P. 126. [Common pleas] was not aware of the consistent filings on the docket when the [IFP] Petition was presented to [it]. [Common pleas] saw the docket number from the year 2018 and thought nothing in the case ha[d] been filed since then. Once [common pleas] became aware of the consistent filings and the previous IFP [Petition] that was granted [it] realize[d] the [IFP] Petition was improperly denied.

(1925(a) Opinion (Op.) at 2.)

On appeal, Taylor asserts that common pleas improperly denied the IFP Petition and points to its statement in the 1925(a) Opinion. (Taylor's Brief (Br.) 1-2.)[4] Appellees do not expressly address common pleas' 1925(a) Opinion requesting its Order be reversed, but appear to argue an alternative ground for affirmance exists here.[5] Specifically, Appellees contend that common pleas properly denied IFP status

---

[4] Taylor also contends that common pleas' previous denial, in part, of another IFP Petition (related to the sheriff's process service fee) was improper because service of the Complaint could not be effectuated upon Appellees. (Taylor's Br. at 1-2.) Appellees argue that Taylor's attempt to "litigate the effects of the 2018 IFP order on sheriff service, and his inability to effectuate proper service in the underlying suit" is inappropriate and should not be considered on appeal. (Appellees' Br. at 11.) However, the subject of this appeal is limited to common pleas' Order dated November 7, 2022, denying Taylor IFP status. Any appeal of the earlier orders related to IFP status are not before the Court and would be untimely even if they were. *See Brandywine Hosp., LLC v. Cnty. of Chester Bd. of Assessment Appeals*, 291 A.3d 467, 488 (Pa. Cmwlth. 2023) ("[W]e do not consider any legal arguments not preserved by the parties . . . .") (citing *Stilp v. Commonwealth*, 905 A.2d 918, 928 n.14 (Pa. 2006)).

[5] "[T]his Court may affirm on grounds different than those relied upon by the court or agency below if such grounds for affirmance exist." *Smart Commc'ns Holding, Inc. v. Wishnefsky*, 240 A.3d 1014, 1016 n.2 (Pa. Cmwlth. 2020) (citation omitted).

3

because Taylor did not comply with Pennsylvania Rule of Civil Procedure 240, Pa.R.Civ.P. 240, by providing current and accurate financial information. (Appellees' Br. at 9-13.)[6]

Pennsylvania Rule of Civil Procedure 240 governs the filing of IFP petitions. Specifically, Rule 240(b) and (c) provides, in relevant part, that "[a] party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis* . . . [and] the party shall file a petition and an affidavit in the form prescribed . . . ." Pa.R.Civ.P. 240(b)-(c). In prisoner appeals, "[i]n order to proceed *in forma pauperis*, a prisoner must meet [both] the requirements of Pa.R.C[iv].P. [] 240[,] . . . [and] must satisfy the requirements of the [Prison Litigation Reform] Act," 42 Pa.C.S. §§ 6601-6608, (PLRA), permitting an indigent prisoner to proceed *in forma pauperis* under certain circumstances. *Richardson v. Thomas*, 964 A.2d 61, 64 (Pa. Cmwlth. 2009).[7]

"Our . . . review of a trial court's denial of an *in forma pauperis* application is limited to determining whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." *Bennett v. Beard*, 919 A.2d 365, 366 n.1 (Pa. Cmwlth. 2007) (citing *Thomas v. Holtz*, 707 A.2d 569, 570

---

[6] Appellees also appear to argue that Taylor engaged in fraud based on his averments in the IFP Petition and for support point to Taylor's IFP petitions filed in this Court. While we acknowledge this argument, we will not consider it for purposes of this appeal because we are constrained to the record before common pleas. *See Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. Cmwlth. 2022) ("It is well settled that this Court may not consider extra-record evidence that is not part of the certified record on appeal.") (citation omitted).

[7] Section 6602 of the PLRA, 42 Pa.C.S. § 6602:

> The court shall deny *in forma pauperis* status to any prisoner where (i) the request is not accompanied by a certified copy as provided in paragraph (1); (ii) the average monthly deposits or average highest monthly balance for the six-month period preceding the filing of the action exceeds the amount of the filing fee; or (iii) other grounds exist for the denial of *in forma pauperis* status pursuant to the Pennsylvania Rules of Civil Procedure.

n.2 (Pa. Cmwlth. 1998)). "[A]n abuse of discretion occurs if, in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will." *Sierra Club v. Dep't of Env't Prot.*, 211 A.3d 919, 925 (Pa. Cmwlth. 2019) (citation omitted). "The trial court has considerable discretion in determining whether a person is indigent for purposes of an application to proceed *in forma pauperis*." *D.R.M. v. N.K.M.*, 153 A.3d 348, 351 (Pa. Super. 2016) (internal quotation marks and citation omitted).[8]

As a prefatory matter, we first note that jurisdiction is proper before this Court. In *Grant v. Blaine*, our Supreme Court made clear that "an order denying *in forma pauperis* status is a final, appealable order." 868 A.2d 400, 403 (Pa. 2005). The rationale is simple, "[a] litigant who is denied the ability to bring a cause of action due to his true inability to pay the costs is effectively put out of court. Because such a denial may close the courthouse door to litigants, they must be permitted to appeal the denial . . . ." *Id.* at 402-03; *see also Banks v. Ryan*, 556 A.2d 950, 952 n.1 (Pa. Cmwlth. 1989) ("An order denying permission to proceed *in forma pauperis* in a civil action is deemed final and appealable . . . .") (citation omitted).

In its 1925(a) Opinion, common pleas recognizes that it was an error to deny Taylor's IFP Petition and asks us to reverse its Order. (1925(a) Op. at 1-2.) We have previously reversed a trial court where an IFP petition was erroneously denied, and the error was recognized in the trial court's 1925(a) opinion. For example, in *Roman v. Wetzel* (Pa. Cmwlth., No. 1883 C.D. 2019, filed October 26, 2022), slip op. at 3-4, we reversed the trial court where IFP status was improperly denied to an inmate

---

[8] It is well settled that we may cite Superior Court cases for their persuasive value on analogous issues. *Austin v. Lehigh & Northampton Transp. Auth.*, 309 A.3d 252, 262 n.7 (Pa. Cmwlth. 2024) ("Pennsylvania Superior Court cases are not binding on this Court; however, when such cases discuss analogous issues they offer persuasive precedent.") (citations omitted).

based on a trial court's erroneous interpretation of the PLRA.[9]  The trial court readily acknowledged the error in its operative 1925(a) Opinion indicating that it had only reviewed one previous lawsuit filed by the appellant.  We held that based on this mistake, the trial court's denial of IFP status required reversal.  *Roman*, slip op. at 4.

Here, the denial of the IFP Petition appears to be erroneous because common pleas states it did not receive and review a full copy of the IFP Petition prior to issuing its Order denying same, an error which common pleas expressly recognizes in its 1925(a) Opinion.  Moreover, common pleas states it denied the IFP Petition based on its misunderstanding that there had been no activity in the case for several years, which a review of the docket discloses is not the case.  Accordingly, upon careful consideration of the parties' briefs and the record, we agree.  Thus, we vacate common pleas' Order denying the IFP Petition and remand this action for common pleas to consider the merits of the IFP Petition.[10]

 

**RENÉE COHN JUBELIRER,** President Judge

---

[9] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[10] Appellees argue for affirmance on alternative grounds, i.e., that common pleas' denial of IFP status was proper because Taylor can afford the costs of litigation.  However, since it appears common pleas did not consider the merits of the IFP Petition and instead denied it based on inactivity, which was not the case, upon remand, common pleas can consider whether the IFP Petition satisfies the requirements for IFP status.  Therefore, we decline to consider this argument on appeal.  *See Vurimindi v. Phila. Dist. Att'y's Off.* (Pa. Cmwlth., No. 100 C.D. 2018, filed Jan. 3, 2019), slip op. at 3 (per curiam) ("[D]espite its considerable discretion, if a trial court disbelieves the averments in an application to proceed *in forma pauperis*, it is required to hold a hearing on the application to determine the veracity of the allegations contained therein.") (internal quotation marks and citation omitted).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph J. Taylor,                 :
               Appellant       :
                                 :
           v.                :     No. 210 C.D. 2023
                                 :
Greg Payne, James C. Barnacle,     :
Mykia Capers, Antonio Oliveraz, and   :
Jane Doe Maddison               :

## <u>O R D E R</u>

**NOW**, October 17, 2024, the Order of the Court of Common Pleas for Montgomery County, entered in the above-captioned matter, is **VACATED**, and this matter is **REMANDED** for consideration of whether the Petition to Proceed *in Forma Pauperis* (IFP) meets the requirements for IFP status.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** President Judge