# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Percy Pew,             :
           Appellant     :
                       :
       v.                :
                       :  No. 1130 C.D. 2022
John or Jane Doe, et al.     :  Submitted: October 10, 2023

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge[1]
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER     FILED: April 7, 2025

Alfonso Percy Pew (Pew) appeals from the Order of the Court of Common Pleas of Centre County (common pleas), which both denied his Motion to Proceed in Forma Pauperis (IFP Motion) and dismissed his "Motion Demonstrating Imminent Danger." After careful review, we affirm the denial of the IFP Motion. Because Pew has moved to a different State Correctional Institution (SCI), his Motion Demonstrating Imminent Danger is moot. We therefore dismiss the appeal related to that Motion. Because the underlying Complaint remains pending, we remand this matter to common pleas for further proceedings.

---

[1] This matter was reassigned to the author on February 16, 2024.

## I. BACKGROUND

On August 31, 2022, Pew filed a Complaint in common pleas against the individuals responsible for providing diabetes care at SCI Benner.[2] (Complaint ¶¶ 7-10.) The Complaint alleges as follows. On August 16, 2022, Pew was transferred to SCI Benner on a federal writ to testify at a hearing in federal court against Department of Corrections (DOC) officials in Williamsport. (*Id.* ¶ 11.) Upon arriving, Pew informed an intake nurse that Pew must receive finger sticks twice per day due to his diabetes; the intake nurse acknowledged the two finger sticks per day was indicated in the computer system. (*Id.* ¶ 12.) On August 17, 2022, Pew claims there was no pass or sick call pass for him to receive a finger stick, but upon verbal request, Pew was able to receive one finger stick that day. (*Id.* ¶ 13.) The following day, Pew alleges he received neither a pass for a finger stick nor a sick call. (*Id.* ¶ 14.) On August 19, 2022, Pew had a pass to receive blood labs, at which point he spoke with a nurse who informed him that he was not able to receive finger sticks because it was not so indicated in the computer system. (*Id.* ¶ 15.) Pew further alleges that between August 20 and 25, 2022, he received neither a pass for a finger stick nor a sick call. (*Id.* ¶¶ 16-19, 21-22.) However, Pew also indicates that on August 23, 2022, while in federal court, the federal judge indicated that Pew should be sent back to SCI Phoenix by the end of the week, and when Pew returned to SCI Benner that day, he did receive one finger stick, but no meal. (*Id.* ¶ 20.) Further, Pew explains that his blood sugar levels before arriving at SCI Benner have been as high as 300, with an A1C greater than 8. (*Id.* ¶ 24.) Pew alleges that the inability to monitor his blood sugar levels causes various mental and physical injuries. (*Id.* ¶¶ 30-31.)

---

[2] The Complaint refers to these individuals as John and Jane Doe.

The Complaint alleges that Appellees "violate[d the Eighth] Amendment [to the] U[nited] S[tates] Constitution, [U.S. CONST. amend. VIII, and] 42 U.S.C. § 1983, [and constituted s]tate [n]egligence claims[,]" and that Appellees' actions amounted to "retaliation [due] to [Pew] being a federal witness[, which] violates the [First] and [Fourteenth] Amendments to the United States Constitution[, U.S. CONST. amends. I & XIV.]" (*Id.* ¶¶ 26-29.) The Complaint also requests an order directing the provision of finger sticks and transport away from SCI Benner, as well as declaratory relief and money damages. (*Id.* ¶ 32.) It also seeks injunctive relief pursuant to Section 6602(f) of the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(f), and under federal law. (*Id.* ¶ 4.)[3]

Along with the Complaint, Pew also filed the IFP Motion and Motion Demonstrating Imminent Danger. In the Motion Demonstrating Imminent Danger, Pew reiterated his allegations that he was being denied finger sticks, rendering him

---

[3] Section 6602(f) provides, in its entirety, as follows.

(f) Abusive litigation. – If the prisoner has previously filed prison conditions litigation and:

> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2)[(permitting dismissal for frivolous or malicious litigation, or litigation that fails to state a claim)]; or

> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;

the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f).

unable to monitor his blood sugar levels. (Motion Demonstrating Imminent Danger ¶¶ 2, 4, 6.) He also alleged that the dangers of withholding the finger sticks included "los[s] of [l]ife, perm[a]nent blindness, heart attack, stroke, [k]idney failure, amputations of [l]imbs, [and] [d]iabetic [c]oma[,]" such that he was in danger of "imminent physical harm." (*Id.* ¶ 8.)

In denying Pew's IFP Motion and dismissing the Motion Demonstrating Imminent Danger, common pleas reasoned as follows:

> This [c]ourt has previously determined [Pew] has filed prison conditions litigation, as defined by the P[LRA] . . . , and three or more of [Pew]'s prior civil actions have been dismissed pursuant to subsection 6602(e)(2) of the [PLRA].[4] . . . . This [c]ourt has reviewed [the] Complaint and determines [Pew] has not provided any credible allegations that he is in imminent danger of serious physical injury. [Pew] has also failed to substantiate his claims of imminent danger by attaching medical documentation, or any other form of extrinsic evidence to his Motion [Demonstrating Imminent Danger]. Therefore, pursuant to Section 6602(f)[] of the PLRA, the [c]ourt denies [Pew]'s [IFP] Motion [] and dismisses [Pew's] Motion Demonstrating Imminent Danger.

(Common pleas' 9/9/22 Opinion (Op.) at 1-2.) Notably, common pleas did not dismiss the underlying Complaint, which therefore remains pending. This timely appeal of common pleas' September 9, 2022 Order followed.

---

[4] Section 6602(e)(2) provides that "[n]otwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time . . . if the court determines" that the litigation "is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, . . . which, if asserted, would preclude the relief." 42 Pa.C.S. § 6602(e)(2).

4

## II.    DISCUSSION

### A. *General Legal Principles*

Our Supreme Court has explained:

> [The] General Assembly enacted the [PLRA] in 1998, modeling it after the federal Prison Litigation Reform Act enacted in 1995, P.L. 104–134, tit. [v]ii Stat. 1321 (1996).  The federal statute is intended to promote administrative redress, to filter out groundless claims, and to foster better prepared litigation of prisoner claims.  *Booth v. Churner*, 532 U.S. 731, 737 . . . (2001).  To achieve such purpose, both the federal and Pennsylvania PLRA set forth guidelines to be followed in prison conditions litigation.

*Payne v. Commonwealth Dep't of Corr.*, 871 A.2d 795, 800 (Pa. 2005) (footnote omitted).

Relevant here, Section 6602(f) of the PLRA provides what is commonly known as the "three-strikes rule":

> **(f) Abusive litigation.** – If the prisoner has previously filed prison conditions litigation and:
>
>> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2);
>>
>> . . . .
>
> the court may dismiss the action.  The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f).  Our cases teach that "a prisoner, whose [*in forma pauperis*] status is revoked pursuant to the three strikes rule, . . . [may] proceed by paying costs before the trial court dismisses the action in its entirety under Section 6602(f)[.]" *Lopez v. Haywood*, 41 A.3d 184, 188 (Pa. Cmwlth. 2012) (quotation marks and citation omitted).

5

*B. Denial of IFP Motion*

We first consider common pleas' denial of the IFP Motion.  Preliminarily we must address whether the denial is properly before us.  Under Section 762(a) of the Judicial Code, this Court generally reviews "final orders of the courts of common pleas" in certain cases.  42 Pa.C.S. § 762(a).  Final orders "dispose[] of all claims and of all parties. . . ."  Pa.R.A.P. 341(b)(1).  Our Supreme Court has held that orders denying *in forma pauperis* status are immediately appealable.  *Grant v. Blaine*, 868 A.2d 400, 403 (Pa. 2005).  In *Grant*, a common pleas court had denied *in forma pauperis* status under Section 6602(a)(2)(ii) of the PLRA.[5]  This Court quashed the inmate's notice of appeal, and the Supreme Court granted allocatur.  On appeal to the Supreme Court, the inmate argued that denial of *in forma pauperis* status amounts to a final appealable order because it "has the practical consequence of putting him out of court."  *Grant*, 868 A.2d at 402.  The Court explained that the inmate had been "denied the ability to proceed *in forma pauperis*[,]" which "denied him the filing of his prison litigation action.  If such denial were not immediately appealable, [he] would be left without remedy should the trial court have been in error."  *Id.*

The *Grant* Court cited our decision in *Banks v. Ryan*, 556 A.2d 950 (Pa. Cmwlth. 1989).  There, prior to the enactment of the PLRA, an inmate filed a complaint, request to proceed *in forma pauperis*, a demand for a jury trial, a request for a preliminary injunction, and a request for appointment of counsel.  The common pleas court denied his request for preliminary injunction, *in forma pauperis* status, and appointment of counsel.  We explained that the order denying *in forma pauperis*

---

[5] Subsections (a) through (c) of Section 6602 of the PLRA have since been held to unconstitutionally deprive the Supreme Court of its exclusive rulemaking authority.  *Payne*, 871 A.2d at 807.

6

status was properly before us, as such orders are "final and appealable" because they "effectively put[] the petitioner out of court." *Banks*, 556 A.2d at 952 n.1 (citing *Koziatek v. Marquett*, 484 A.2d 806, 807 n.1 (Pa. Super. 1984)).[6]

Based on the foregoing, we conclude that this appeal of the denial of the IFP Motion is properly before us.

Turning to the merits of the denial of the IFP Motion, we conclude that common pleas did not err in denying the IFP Motion to the extent it has the effect of limiting Pew from proceeding with his Complaint *in forma pauperis* given his prodigious history of prison conditions litigation, which we have documented elsewhere. *See, e.g.*, *Pew v. Dep't of Corr.* (Pa. Cmwlth., No. 2359 C.D. 2013, filed Nov. 12, 2014), slip op. at 3 (noting that even as of more than ten years ago "[Pew] is an abusive litigator; he has had more than three prior actions dismissed pursuant to Subsection 6602(e)(2) of the PLRA . . . ."). Common pleas has not dismissed the Complaint; upon disposition of this appeal, consistent with our precedent, Pew will have the opportunity to pay to continue prosecuting his Complaint. If he fails to do so, the court may dismiss the Complaint consistent with Section 6602(f). *Lopez*, 41 A.3d at 188.

### C. Dismissal of Motion Demonstrating Imminent Harm

As for the dismissal of the Motion Demonstrating Imminent Harm, whether the Order should be construed as one denying preliminary injunctive relief, which is

---

[6] We have reiterated that rule in unpublished decisions as well. For example, in *Lynch v. Gittelmacher* (Pa. Cmwlth., No. 2467 C.D. 2015, filed June 8, 2016), we vacated a common pleas court's order denying *in forma pauperis* status where it had failed to provide reasons for its denial pursuant to Pennsylvania Rule of Civil Procedure 240(c)(3), Pa.R.Civ.P. 240(c)(3), and remanded. *See also Pelzer v. Wolf* (Pa. Cmwlth., No. 472 C.D. 2019, filed Mar. 9, 2020) (per curiam) (allowing appeal from order denying *in forma pauperis* status and affirming where appellant was an abusive litigator and no exception to the three-strikes rule applied).

7

immediately appealable under Rule 311(a)(4) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 311(a)(4),[7] or is an interlocutory order not yet ready for review, makes no difference because, as discussed below, the appeal of the dismissal of the Motion Demonstrating Imminent Danger is moot.

In his brief, Pew stated he was ultimately moved from SCI Benner to SCI Phoenix. (*See* Pew's Brief at 4 ("Thank God [I] was transferred back to SCI Phoenix . . . .").) He maintains in his brief that he still requests remand to common pleas for a hearing to be held. Based upon Pew's representation that he is no longer at SCI Benner, the Court issued a rule to show cause why this appeal should not be dismissed as moot. (*See* Order, 2/16/24.)[8] In response, Pew argues the appeal before this Court is not moot, as the Complaint remains pending before common pleas. Further, Pew maintains that on remand, common pleas should hold a hearing on the Motion Demonstrating Imminent Danger. Pew emphasizes that the issue of first impression presented in this appeal—namely, whether medical documentation is required to state a credible allegation of imminent bodily harm under Section 6602(f)—merits this Court's attention and that there is a possibility he will be sent back to SCI Benner where the alleged wrongful conduct took place.

"[A] legal question can become moot on appeal as a result of an intervening change in the facts of the case." *In re Gross*, 382 A.2d 116, 119 (Pa. 1978). We have explained that "an intervening change in the factual landscape of a case can render a party's injury incapable of redress by a favorable judicial decision." *Toland*

---

[7] Rule 311(a)(4) provides for an appeal as of right, with certain exceptions not relevant here, from "[a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction . . . ." Pa.R.A.P. 311(a)(4).

[8] The Court routinely issues such rules to show cause where it is apparent that a case is moot. *See, e.g.*, *Puricelli v. Dep't of Transp. (Off. of Chief Counsel)*, 288 A.3d 581, 583 (Pa. Cmwlth. 2023).

*v. Pa. Bd. of Prob. & Parole*, 311 A.3d 649, 657 (Pa. Cmwlth. 2024) (brackets, quotation marks, and citation omitted). Indeed, "the critical inquiry . . . is whether the court's decision could, in substance, accord the injured party relief." *Id.* Notwithstanding, courts have discretion to decide otherwise moot questions "(i) where the conduct complained of is capable of repetition yet likely to evade review, (ii) where the case involves issues important to the public interest, or (iii) where a party will suffer some detriment without the court's decision[.]" *Id.* at 658 (brackets, quotation marks, and citation omitted).

*In re Gross* involved a patient involuntarily committed to a psychiatric facility who was forced to take certain medications. He sought injunctive relief to restrain the facility from administering the medication. During the pendency of the appeal, the patient was released from the facility, and the Supreme Court dismissed the appeal as moot, explaining "[the a]ppellant is no longer an inpatient at [the facility] and, therefore, is no longer being administered medication . . . against his will. . . . **[T]here [is] nothing for the lower court to enjoin, nor can this Court [] order the injunctive relief sought below**." *In re Gross*, 382 A.2d at 120-21 (emphasis added).

First, with regard to common pleas' denial of the Motion Demonstrating Imminent Danger, there is no longer anything for common pleas to order at SCI Benner. Just as in *In re Gross*, Pew no longer resides where the alleged wrongful conduct took place. Further confirming the mootness of this appeal is the lack of availability of meaningful relief. Assuming *arguendo* we agreed with Pew that common pleas erred in denying the Motion Demonstrating Imminent Danger, there is nothing common pleas could do to redress the alleged harm because Pew is no longer in the custody of the DOC officials Pew named in this matter, and thus an

9

order requiring the relevant DOC officials to provide finger sticks would be meaningless. Because Pew has been moved away from the alleged wrongful conduct, "there is nothing for us to remedy[.]" *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 121 (Pa. Cmwlth. 2004).

Pew has not demonstrated that a mootness exception applies. We read Pew's answer to the rule to show cause to suggest that the issue of what documentation suffices to substantiate a credible allegation of imminent bodily harm under Section 6602(f) of the PLRA is one of great public importance. However, we note that the great public importance exception is limited to "a narrow category of cases." *Bottomer v. Progressive Cas. Ins. Co.*, 859 A.2d 1282, 1285 (Pa. 2004). Further, Pew never specifically invokes that exception, nor does he explain precisely why the issue is sufficiently important to warrant continued review.

Pew also suggests that there is a possibility he will be transferred back to SCI Benner. However, to fall within the exception for cases capable of repetition yet evading review, the party arguing the exception must show that the complained-of conduct is so short in duration that it will necessarily end before the issue can be fully litigated, and there must be a reasonable expectation the complaining party will be subjected to the wrongful conduct again. *Toland*, 311 A.3d at 658. In the event this conduct was to recur, Pew can once again seek redress with common pleas, if warranted.

In sum, this appeal is moot to the extent it involves Pew's appeal of the dismissal of the Motion Demonstrating Imminent Danger.

## III. CONCLUSION

Common pleas' denial of Pew's IFP Motion was, consistent with our caselaw, appealable. However, common pleas did not err in denying the IFP Motion. The appeal of the denial of the Motion Demonstrating Imminent Danger is dismissed as moot. Given that the Complaint remains pending before common pleas, as no final order has been entered, we remand the case to that court. On remand, consistent with *Lopez*, common pleas shall provide Pew the opportunity to pay filing fees to prosecute his Complaint.

_____
**RENÉE COHN JUBELIRER,** President Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Percy Pew,              :
                  Appellant     :
                                 :
           v.                   :
                                 :   No. 1130 C.D. 2022
John or Jane Doe, et al.       :

# O R D E R

NOW, April 7, 2025, the Notice of Appeal filed by Alfonso Percy Pew in the above-captioned matter is **DISMISSED IN PART AS MOOT;** the Order of the Court of Common Pleas of Centre County entered on September 9, 2022 in the above-captioned matter is **AFFIRMED** in part; and the matter is **REMANDED** for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

 

_____
**RENÉE COHN JUBELIRER,** President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Percy Pew,                        :
                          Appellant       :
                                          :
            v.                            :    No. 1130 C.D. 2022
                                          :    Submitted: October 10, 2023
John or Jane Doe, et al.                  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


***OPINION NOT REPORTED***

DISSENTING OPINION
BY JUDGE McCULLOUGH                              FILED: April 7, 2025


            While I agree with the Majority that the denial of *in forma pauperis*
(IFP) status is immediately appealable, because I believe our Court has inadvertently
misconstrued Section 6602(f) of the Prison Litigation Reform Act (PLRA), 42
Pa.C.S. § 6602(f), I must respectfully dissent.  Here the Majority applies the rule,
consistent with prior (incorrect) precedent, to mean that a trial court may dismiss **a
request for IFP status** if the petitioner does not meet the "imminent danger of
serious bodily injury" language in Section 6602(f)(1), (2).  However, based on
Pennsylvania Supreme Court precedent and a plain reading of this provision, it is
clear that Section 6602(f) of the PLRA only authorizes a court to **dismiss the
underlying action**, not to dismiss a request for IFP status.

### Section 6602 of the PLRA- The "Three Strikes Rule"

            Section 6602 of the PLRA, titled "Prisoner filing fees," addresses filing

fees for indigent prisoners and their IFP status in prison conditions litigation in subsections (a)-(e).[1]  However, the provision at issue, Section 6602(f), **does not address IFP status**.  It is commonly referred to as the "three strikes rule" and reads in relevant part as follows:

> **(f) Abusive litigation**.--If the prisoner has previously filed prison conditions litigation and:
>> (1) **three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2)**;  or
>> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;
>
> **the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.**

42 Pa.C.S. § 6602(f) (emphasis added).[2]

---

[1] The Pennsylvania Supreme Court has ruled that subsections (a) through (c) are unconstitutional as violative of the Court's exclusive rulemaking authority under article V, section 10(c) of the Pennsylvania Constitution.  *See Payne v. Commonwealth Department of Corrections*, 871 A.2d 795, 798 (Pa. 2005).

[2] In turn, subsection (e) of the statute provides:

> (e) Dismissal of litigation.--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

**(Footnote continued on next page…)**

Significantly, the plain language of Section 6602(f) does not mention IFP status at all. Instead, the only authorized action for a court to take if a prisoner engages in abusive litigation is **dismissal of the action, not dismissal of a request for IFP** status. There is no authority under this subsection to permit a trial court to deny a prisoner IFP status; it does not speak to IFP status at all. Rather, it permits a trial court only to dismiss an action if a prisoner has filed three or more frivolous lawsuits or has previously filed an action in bad faith and has not made a credible claim of imminent danger.

Our caselaw, however, has found —in my view erroneously— that this statutory language governs a prisoner's qualification for IFP status in prison conditions litigation. My research has shown that this misinterpretation of the statutory language began in 2002 with this Court's decision in *Payne v. Department of Corrections*, 813 A.2d 918 (Pa. Cmwlth. 2002), *affirmed in part, reversed in part*, 871 A.2d 795 (Pa. 2005). In *Payne*, this Court likened the three strikes provision in Section 6602(f) to a jurisdictional bar, stating:

> **[I]n our view, the three strikes provision is analogous to a jurisdictional hurdle that one seeking *in forma pauperis* status in a prison conditions litigation case needs to overcome**. For example, the legislature has certainly provided that one has to be aggrieved to appeal and has established what is, in essence, a jurisdictional hurdle in such an instance. *See*, *e.g.*, Section 702 [of] the Administrative Agency Law, 2 Pa.C.S. § 702 ("Any person aggrieved by an adjudication of a

---

(1) The allegation of indigency is untrue.

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa.C.S. § 6602(e)(1), (2).

Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom. . . .”); Section 752 of the Local Agency Law, 2 Pa.C.S. § 752 (“Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom. . . .”) Additionally, the three-strikes provision permits, by the use of the term “may” as emphasized above, but does not compel, a court to dismiss abusive litigants’ cases. . . .

*Id.* at 928 (emphasis added).

However, on appeal our Supreme Court upheld the constitutionality of Section 6602(f) without reference to a litigant’s IFP status. *Payne,* 871 A.2d 795. In fact, its discussion makes clear that this provision **only** applies to the trial court’s ability to dismiss the underlying claim or action and explained:

The section permits the court to **dismiss the actions** of abusive litigants, defined as those who have had three earlier actions dismissed under subsection (e)(2), or who have previously been found to have filed actions in bad faith, or who have knowingly presented false testimony. The section **exempts requests**, however, for temporary or preliminary relief which make a credible allegation of an **imminent danger of serious bodily injury**. . . . By establishing standards for the **dismissal of prison conditions litigation** under the enumerated circumstances where the inmate has a history of filing frivolous lawsuits, the Legislature has restricted the relief that prisoners may obtain from the court.

*Id.* at 804 (emphasis added).

Thus, in analyzing Section 6602(f), the Supreme Court made no reference whatsoever to a prisoner’s IFP status. The Court did not expressly “correct” this Court’s interpretation; but it is clear from the Supreme Court’s analysis that Section 6602(f) authorizes only the dismissal of the underlying action where it further stated that “Section 6602(f) is likewise a substantive provision because it defines the **parameters under which the right to relief will be denied** in a prisoner

conditions litigation." *Id*. (emphasis added).

Nonetheless, after *Payne*, this Court continued to read into Section 6602(f) language concerning a litigant's IFP status that is simply not present. For example, in *Brown v. James*, 822 A.2d 128 (Pa. Cmwlth. 2003), this Court stated: "Our inquiry in the present case is limited to whether the trial court properly denied Brown's petition for leave to proceed *in forma pauperis* **under Section 6602(f)(1)**." *Id.* at 131 (emphasis added). This Court affirmed the trial court's order, finding that the appellee had "establish[ed] that Brown has violated the 'three strikes' rule in Section 6602(f)(1)." *Id.*

Perpetuating the error, this Court in *Jae v. Good*, 946 A.2d 802, 805 (Pa. Cmwlth. 2008), found:

> **In sum, a prisoner loses the opportunity to proceed *in forma pauperis* after he files three prison condition lawsuits that are dismissed as frivolous**. Indeed, the trial court may dismiss the prison conditions complaint filed by an abusive litigator without even having to decide that, in fact, the complaint is frivolous. The only exception is where the prisoner makes a credible allegation that he is in danger of imminent bodily harm and needs injunctive relief
>
> The 'three strikes rule' of Section 6602(f) of the PLRA does not prevent prisoners from filing any number of civil actions challenging prison conditions. **It only restricts their ability to pursue such actions *in forma pauperis***. There is a legitimate governmental interest in deterring frivolous lawsuits, and **Section 6602(f) advances that goal rationally by depriving an abusive litigator of the ability to proceed *in forma pauperis***. Further, the legislation balances the need to deter prisoners from filing frivolous litigation against the need to protect prisoners from physical harm. We hold that Section 6602(f) of the PLRA does not violate the equal protection

clauses of the U.S. Constitution or of the Pennsylvania Constitution.

*Id.* at 807 (emphasis added). The Court cited to 6602(f), but did not cite to a case for this proposition.

In *McCool v. Department of Corrections,* 984 A.2d 565, 572 (Pa. Cmwlth. 2009), we stated: "Normally, **the consequences of the 'three strikes rule' deprive the prisoner of the ability to pursue his claim** *in forma pauperis*. 42 Pa.C.S. § 6602(f). He could, however, proceed by paying costs." (emphasis added) (citing *Jae*).

In *Lopez v. Haywood*, 41 A.3d 184 (Pa. Cmwlth. 2012), we stated: "We read *Jae* and *McCool* as **allowing a prisoner, whose IFP status is revoked pursuant to the 'three strikes rule,' to be able to proceed by paying costs before the trial court dismisses the action in its entirety under Section 6602(f)**, particularly where the prisoner has already paid or, as here, has attempted to pay the fees prior to the dismissal of the matter." *Id.* at 188 (emphasis added). This Court remanded the case to the trial court for the prothonotary to compile a list of the filing fees and costs that Lopez would have had to pay had he not been granted IFP status.

In *Brown v. Department of Corrections*, 58 A.3d 118 (Pa. Cmwlth. 2012), citing to *Lopez* and *Brown*, we stated: "Under Section 6602(f)(1) of the Pennsylvania PLRA, commonly referred to as the 'three strikes rule,' **a court can revoke a plaintiff's** *in forma pauperis* **status** if the plaintiff filed three or more civil actions involving prison conditions and these civil actions have been dismissed as frivolous or malicious or for failure to state a claim." *Id.* at 121 (emphasis added). *See Lopez* and *Brown*, 822 A.2d 128.

The recurring problem in these cases is that Section 6602(f) (as well as Section 6602(e)) only address the ability of the trial court to **dismiss the underlying**

**action**, the prison conditions litigation, **not the IFP status**.  This determination by the trial court, *i.e.*, whether to dismiss the underlying action, would naturally impact the filing of IFP. If there is no pending action due to dismissal, there is no question of IFP status. Again, this statute gives discretion to the trial court to dismiss the underlying prison conditions litigation, not the IFP status.

Further, the exception that was created by the legislature in Section 6602(f), regarding a showing of imminent **serious bodily injury**, only speaks to the dismissal of  "a request for preliminary injunctive relief or a temporary restraining order."

In other words, **even if**, under Section 6602(f)(1) the prisoner has filed three or more frivolous cases, or has previously filed an action in bad faith under Section 6602(f)(2), the court "**shall not**" dismiss a request for preliminary injunctive relief or a temporary restraining order, if the prisoner makes credible allegations that he is in imminent danger of serious bodily injury.  Section 6602(f) says absolutely nothing about dismissing or revoking the IFP status.  IFP status is and continues to be governed by the filing of a proper application that establishes the proper financial need to qualify for such, which takes us to Pennsylvania Rule of Civil Procedure 240, Pa.R.Civ.P. 240.[3]

---

[3] By way of historical note, my position is consistent with that expressed by Judge Strassburger of our sister Superior Court, who stated in his dissenting opinion in *Spuck v. Does*, 2013 WL 11255156  (Pa. Super., No. 1292 WDA 2012, filed Sept. 25, 2013) (unpublished memorandum):

> I disagree with the Commonwealth Court's interpretation of 42 Pa.C.S. § 6602(e).  Contrary to the Commonwealth Court's holding in *Lopez v. Haywood*, 41 A.3d 184 (Pa. Cmwlth. 2012), subsection (e) explicitly provides that the remedy against frivolous prison conditions litigation **is dismissal of the prisoner's complaint, not revocation of his IFP status**.  The Rule provides as follows.

**(Footnote continued on next page…)**

## Pa.R.Civ.P. 240

In my view, Section 6602(f) must be read in conjunction with Pennsylvania

---

Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

(1) The allegation of indigency is untrue.

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa.C.S. § 6602.

Moreover, with respect to the three-strikes provision of subsection (f), the Rule makes clear that **dismissal is the proper course of action**.

(f) Abusive litigation.—If the prisoner has previously filed prison conditions litigation and:

(1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or

(2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602.

"The touchstone of statutory interpretation is that where a statute is unambiguous, the judiciary may not ignore the plain language "under the pretext of pursuing its spirit," 1 Pa.C.S. § 1921(b), for the language of a statute is the best indication of legislative intent. . . . When the words of a statute are clear, there is no need to look beyond the plain meaning of a statute." *Colville v. Allegheny Cnty. Ret. Bd.*, 926 A.2d 424, 431 (Pa. 2007). . . . **I find the *Lopez* decision contradictory to the plain language of the statute it seeks to interpret**.

*Id.* at *6 (Strassburger, J., dissenting) (emphasis added).

Rule of Civil Procedure 240, the general rule governing a litigant's ability to proceed IFP. This Rule states in part:

> (b) A party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis*.
>
> (c) Except as provided by subdivision (d), the party shall file a petition and an affidavit in the form prescribed by subdivision (h). The petition may not be filed prior to the commencement of an action or proceeding or the taking of an appeal.
>
> (1)(i) If the petition is filed simultaneously with the commencement of the action or proceeding or with the taking of the appeal, the prothonotary shall docket the matter and petition without the payment of any filing fee.
> . . . .

Pa.R.Civ.P. 240(b),(c)(1)(i). This Court in *Jae* explained with regard to this Rule:

> [A] prisoner's ability to proceed *in forma pauperis*, [] is governed by Rule 240 of the Pennsylvania Rules of Civil Procedure. Generally, any party, including a prisoner, who lacks the financial resources to pay the costs of a civil lawsuit may have those costs waived if permitted "to proceed *in forma pauperis*." Pa. R.C.P. 240(f)(1). A petition to proceed *in forma pauperis* may not be filed prior to the commencement of an action or appeal; however, if filed simultaneously with a pleading or appeal, the prothonotary "shall docket the action" or "shall accept the appeal" without demanding the payment of filing fees. Pa. R.C.P. 240(c). A petition to proceed *in forma pauperis* requires the support of an affidavit substantiating the petitioner's inability to pay. Pa. R.C.P. 240(h). **If the allegation of poverty is later determined untrue or the complaint or appeal found to be frivolous, "the court may dismiss the action."** Pa. R.C.P. 240(j).

*Jae*, 946 A.2d at 807 (emphasis added).

In sum, applying the foregoing principles to the instant case, the order of the trial court should be vacated and the case remanded for the court to either dismiss **the action** pursuant to Section 6602(f) of the PLRA, or allow the case to go forward, analyzing Pew's ability to proceed IFP pursuant to Pa.R.Civ.P. 240. This Court, since at least 2002, has read language concerning a litigant's IFP status into Section 6602(f) that simply is not present.

In light of the above discussion, I must respectfully dissent to the Majority opinion. I would instead remand this case to the trial court for a determination of IFP status in proper accordance with the rules and to clarify whether it is dismissing the underlying litigation.

_____
PATRICIA A. McCULLOUGH, Judge